[No. 14841.   Department Two. — August 5, 1892.]

## FLORA MORGAN, RESPONDENT, v. THE SOUTHERN PACIFIC COMPANY, APPELLANT.

95 501
95 515
95 501
110 286
95 501
122 506
95 501
140 512

NEGLIGENCE — BACKING OF TRAIN AT STATION — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY. — In an action for personal injuries caused by the alleged negligence of the engineer of a passenger train in backing the train after stopping at a station, while the plaintiff was alighting from the train, where the evidence is conflicting as to the period of time between the stop and the movement backwards, the question of contributory negligence of the plaintiff in leaving her seat in the car before the train stopped is fairly within the province of the jury to decide.

ID. — RECOMPENSE FOR PAIN — COMPENSATORY DAMAGE — INACCURATE INSTRUCTION — HARMLESS ERROR. — In such action, an instruction to the jury that "money is an inadequate recompense for pain," though not an appropriate expression in a charge to the jury upon the question of compensatory damage, does not constitute a reversible error, where the jury are also instructed that resulting pain is an element of damage to be compensated, and that if the plaintiff was entitled to recover, "the measure of her recovery is what is called compensatory damages,

— that is, such sum as will compensate her for the injury she has sustained"; that "the determination of the amount is committed to the judgment and sound discretion of the jury"; and that it should be "in such measure as a jury, dispassionately considering all the circumstances of the case, will allow."

ID. — EXCESSIVE DAMAGES. — A verdict will not be disturbed because excessive, unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury.

ID. — EARNINGS OF PLAINTIFF. — The rule that damages recoverable for injuries received because of the negligence of a defendant should not exceed an amount upon which the legal interest would equal the value of the injured party's past earnings and probable future earnings does not apply to a case where the cause of action is the plaintiff's own personal injury, but is applied only to cases where suit is brought for the death of a relative.

ID. — VERDICT NOT EXCESSIVE — CONFLICTING EVIDENCE. — A verdict for fifteen thousand dollars for personal injuries received through the negligence of a railroad company held not excessive under the circumstances of this case, there being evidence tending to show a permanent injury, accompanied with continual suffering and disability, which the jury would be warranted in believing, notwithstanding conflicting evidence as to the extent of the injury.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. L. Craig, Foshay Walker, Horace Hawes,* and *R. B. Carpenter,* for Appellant.

The damages awarded by the jury are grossly excessive, and were evidently given under the influence of passion and prejudice. What constitutes compensatory damages is a question of law. (*Dorsey* v. *Manlove,* 14 Cal. 553.) No damages in this case can be sustained on the ground that they are exemplary, as there must be oppression, fraud, or malice, in order to warrant them. (*Yerian* v. *Linkletter,* 80 Cal. 135; *Railway Co.* v. *Freeman,* 36 Ark. 41.) The damages in all these cases must be compensatory, and not exemplary. (*Munro* v. *Dredging Co.,* 84 Cal. 515; 18 Am. St. Rep. 248; *Conant* v. *Griffin,* 48 Ill. 410; *Railway Co.* v. *Henderson,* 51 Pa. St. 315; *Railway Co.* v. *Kelly,* 24 Ind. 271; *Railway Co.* v. *Rowan,* 66 Pa. St. 393.) Plaintiff cannot recover smart-money.

(*Moody* v. *McDonald*, 4 Cal. 299; *Wardrobe* v. *Cal. Stage Co.*, 7 Cal. 120; 68 Am. Dec. 231.) Where the amount of the verdict is so large as to induce a reasonable person, upon hearing the circumstances, to declare it outrageously excessive, or suggests, at first blush, passion, prejudice, or corruption on the part of the jury, the verdict will be set aside. (*Aldrich* v. *Palmer*, 24 Cal. 515; *Tarbell* v. *Central Pac. R. R. Co.*, 34 Cal. 623; *Kinsey* v. *Wallace*, 36 Cal. 480, 481; *Wheaton* v. *Railway Co.*, 36 Cal. 591.) When it is clear that the verdict is so disproportionate to the injury produced as to show that the jury must have acted under passion or prujudice, the verdict will be set aside. (*Russell* v. *Dennison*, 45 Cal. 337; 50 Cal. 243, where verdict of seven thousand dollars was reduced to three thousand five hundred dollars.) If plain that the jury adopted a rule of compensation not warranted by the evidence, the verdict will be set aside. (*Karr* v. *Parks*, 44 Cal. 50.) A verdict greatly disproportionate to the actual damage shown by the facts of the case is of itself sufficient evidence that it was rendered under the influence of passion or prejudice. (*Kinsey* v. *Wallace*, 36 Cal. 481; *McCarty* v. *Fremont*, 23 Cal. 198; 83 Am. Dec. 96.) There must never be any verdict so large that the annual interest upon it will exceed all the probable annual earnings of the injured person, or that is manifestly greater than the pecuniary loss could possibly be, especially where it appears that the person injured is without property, or has no reasonable expectation of accumulating any. (Cooley on Torts, 274; *Railway Co.* v. *Bayfield*, 37 Mich. 205; *Rose* v. *Railway Co.*, 39 Iowa, 254.) In the following cases the verdicts were held excessive: $3,262, eye of child disfigured and destroyed (*Karr* v. *Parks*, 44 Cal. 47); $7,500, malicious prosecution (*Phelps* v. *Cogswell*, 70 Cal. 203); $6,000, plaintiff's leg broken, sick eight months (*Collins* v. *Railway Co.*, 12 Barb. 492); $1,525, ankle sprained (*Railway Co.* v. *Dunn,* 52 Ill. 451); $2,500, young woman's leg injured; had not recovered three years after (*Railway Co.* v. *Pauzant*, 87 Ill. 125); $3,000, injury to servant-girl (*Decatur* v. *Fisher,*

53 Ill. 407); $4,000, broken leg (*Lombard* v. *Railway Co.,* 47 Iowa, 494); $4,500, fracture of arm (*Railway Co.* v. *Hughes,* 87 Ill. 94); $5,000, deformity of right hand (*Railway Co.* v. *Hand,* 7 Kan. 380); $5,000, temporary loss of eye (*Tinny* v. *Railway Co.,* 5 Lans. 507); $6,600, arm fractured of five-year-old child; permanent injury (*Ryder* v. *New York,* 50 N. Y. Sup. Ct. 220). (See also 3 Lawson's Rights, Remedies, and Practice, sec. 1222; *Railway Co.* v. *Finlayson,* 16 Neb. 578; 49 Am. Rep. 724; *Railway Co.* v. *Ware,* 84 Ky. 267; *Missouri Pac. R'y Co.* v. *Texas Pac. R'y Co.,* 41 Fed. Rep. 315.) The court erred in instructing the jury that "money is an inadequate recompense for pain." (*Yerian* v. *Linkletter,* 80 Cal. 135; *Moody* v. *McDonald,* 4 Cal. 299; *Wardrobe* v. *Cal. Stage Co.,* 7 Cal. 120; 68 Am. Dec. 231.) The evidence in this case is wholly insufficient to authorize any finding of liability on the part of the defendant for the injury to plaintiff. The following authorities fully sustain the proposition that plaintiff's actions under all the circumstances constitute contributory negligence in law: *Glascock* v. *Central Pac. R. R. Co.,* 73 Cal. 141; *Secor* v. *Railway Co.,* 10 Fed. Rep. 15; *Jewell* v. *Railway Co.,* 54 Wis. 610; 41 Am. Rep. 63; *Railway Co.* v. *Hoosey,* 99 Pa. St. 492; 44 Am. Rep. 120; *Railway Co.* v. *Hayes,* 97 N. Y. 259; *Adams* v. *Railway Co.,* 82 Ky. 603; *Railway Co.* v. *Schaufler,* 75 Ala. 136; *Lindsay* v. *Railway Co.,* 64 Iowa, 407; *Burrows* v. *Railway Co.,* 63 N. Y. 556; *Hunter* v. *Railway Co.,* 112 N. Y. 371; 8 Am. St. Rep. 752; *Paulitsch* v. *Railway Co.,* 102 N. Y. 280; *Railway Co.* v. *Wallen,* 65 Tex. 568; *Whelan* v. *Railway Co.,* 84 Ga. 506; *Walker* v. *Railway Co.,* 41 La. Ann. 795; 17 Am. St. Rep. 417; *Dwyer* v. *Railway Co.,* 28 Am. & Eng. R. R. Cas. 155; *Vimont* v. *Railway Co.,* 71 Iowa, 58; *Railway Co.* v. *Bangs,* 47 Mich. 470; *Raben* v. *Railway Co.,* 73 Iowa, 579; 5 Am. St. Rep. 708; *Railway Co.* v. *Felton,* 125 Ill. 458; *Railway Co.* v. *Euches,* 127 Pa. St. 316; 14 Am. St. Rep. 848; *Railway Co.* v. *Carper,* 112 Ind. 26; 2 Am. St. Rep. 144; *Railway Co.* v. *Letcher,* 69 Ala. 106; 44 Am. Rep. 505.

*Charles G. Lamberson, J. W. Ahern,* and *Lamberson &*
*Taylor,* for Respondent.

The instruction to the jury in which occurred the
words " money is an inadequate compensation for pain "
was not erroneous when taken in connection with the
rest of the instruction.   It was certainly in no wise
misleading to the jury to state that money was an in-
adequate recompense for pain, because that is a matter
which is within the knowledge of every human being;
that no money can adequately compensate any person
for the pain which is suffered by them.   (3 Sutherland
on Damages, 711; *Ransom* v. *New York etc. R. R. Co.,* 15
N. Y. 415.)

MCFARLAND, J. — This action was brought to recover
damages for personal injuries alleged to have been
caused by the negligence of the defendant, a railroad
company.   It is averred in the complaint that while
plaintiff was in the act of alighting from the car of
defendant, it was, through the negligence of defendant's
servants and employees, suddenly and violently put in
motion, whereby plaintiff was, without any fault on her
part, thrown upon the ground, and seriously injured.
The jury gave a verdict in favor of plaintiff for fifteen
thousand dollars, for which amount judgment was ren-
dered; and defendant appeals from the judgment, and
from an order denying its motion for a new trial.

1. The point of appellant that the evidence was in-
sufficient to warrant *any* finding of liability on the part
of defendant for the injury complained of cannot be
maintained.

The accident happened at the town of Delano.   At
that place the train usually stops with the locomotive at
a water-tank, so that water may be taken for the engine
while passengers are going off and on the train.   When
the train arrived on the evening of the accident, the
engineer did not succeed in stopping it until the loco-
motive had gone about a car's length beyond the water-
tank; and he moved the train back far enough to bring

the engine at the proper place to take water. He testified that he did this immediately, so that there was only a moment of time between the first stop and the commencement of the backward movement; and his testimony to this effect was to some extent corroborated. Counsel for appellant contends that this fact being established, it follows that plaintiff must have been guilty of contributory negligence; because, if she had retained her seat in the car until the train first stopped, as she ought to have done, she could not have been on the steps of the platform when the train started back. It is argued that she must have been wrongfully on or near the steps before the car stopped. But witnesses for the plaintiff testified that it was from a half-minute to a minute after the train stopped before it started back; plaintiff testified that she did not leave her seat until the car stopped; and another witness testified that she was not on the platform when the train stopped. There was therefore a substantial conflict of evidence as to the period of time which elapsed between the stop and the beginning of the movement backwards. Counsel say that it was natural, and in accordance with the usual course of things, for the engineer to have immediately reversed his engine and started back when he found himself beyond the water-tank; that there was no reason for his waiting thirty or sixty seconds before doing so; and that therefore the contrary testimony of plaintiff's witnesses should not be considered as raising a substantial conflict. It could be well argued, and no doubt was so argued to the jury, that the engineer's version of the affair was more probably correct than that of plaintiff's witnesses; but after all, the question was one of probability, to be determined by weighing conflicting evidence. It was therefore a question fairly within the province of the jury to decide.

2. The court, in the course of its charge to the jury, used the following language: "Money is an inadequate recompense for pain; but as the law can afford no other redress, it aids the sufferer to obtain this in such meas-

ure as a jury, dispassionately considering all the circum-
stances of the case, will allow; and whether the injury
is the result of negligence or direct personal violence,
the resulting pain is an element of damage to be com-
pensated. In other words, it is an element of compen-
satory damage." And appellant contends that the use
of the words "money is an inadequate recompense for
pain" constitutes a material and reversible error.

The language objected to would, no doubt, be more
appropriate to social and private conversations and dis-
putations than to the grave duty of instructing a jury,
in discharging which the utmost possible accuracy
should be aimed at, and loose general remarks avoided.
The remark objected to is probably true in a general
abstract sense, although it can hardly be considered as
specially apropos to a charge in which the jury are told
that money may be given as a recompense for pain. But
taken in connection with other parts of the instruction,
we do not see how the language objected to could have
influenced the jury to the prejudice of appellant. Coun-
sel contend that by this language the court invited the
jury to give any sort of damages they might see fit to
give, compensatory or exemplary, and to any amount
within the prayer of the complaint, and that in effect it
told them that no matter how large their verdict might
be, it would still be "an inadequate recompense for
[plaintiff's] pain." But such would be a strained and
incorrect construction of the language used; and it is
not to be presumed that a jury would give it any such
meaning. The whole charge was upon the theory that
exemplary damages could not be given; and at appel-
lant's request the court expressly instructed the jury that
if plaintiff was entitled to recover, "the measure of her
recovery is what is called compensatory damages, — that
is, such sum as will compensate her for the injury she
has sustained." The jury were correctly told that "the
determination of the amount is committed to the judg-
ment and sound discretion of the jury"; and that it
should be "in such measure as a jury, dispassionately

considering all the circumstances of the case, will allow ";
and we do not think that the weight of these instructions
could be lessened to any appreciable extent by the gen-
eral remark which appellant assails.

3. The most difficult question in the case is raised by
appellant's point that the damages awarded by the jury
are excessive.

The amount of the verdict is certainly quite large, —
larger than we, if sitting as a jury, would have felt it
our duty to give. But that consideration alone is not
sufficient to warrant us in disturbing the verdict. There
·is no absolute rule in such a case; and about all that
can be safely said on the subject may be found in the
opinion of the court in *Aldrich* v. *Palmer*, 24 Cal. 513,
and the cases there cited. The general conclusion, as
nearly as one can be formulated, is as there stated,
namely, that a verdict will not be disturbed because ex-
cessive, "unless the amount of the damages is obviously
so disproportionate to the injury proved as to justify the
conclusion that the verdict is not the result of the cool
and dispassionate discretion of the jury."

Cases are cited where verdicts for damages less than
the amount awarded in the case at bar have been set
aside; but there are many cases where verdicts for larger
amounts have been allowed to stand. Two cases exactly
alike are not to be found. Counsel argue that because
in the case at bar legal interest on the amount of the
verdict would exceed in value plaintiff's past earnings,
and her probable future earnings if she had not been
injured, therefore the amount is excessive. But that
rule has never to our knowledge been applied to a case
where the cause of action was the plaintiff's own per-
sonal injury; it has been applied only to cases where
suit has been brought for the death of a relative. Such
was the fact in the authorities cited on the point by ap-
pellant. (Cooley on Torts, 274; *Railroad Co.* v. *Bayfield*,
37 Mich. 205; *Rose* v. *Railroad Co.*, 39 Iowa, 254.)

The great difficulty in the present case is in determin-
ing the extent of plaintiff's injuries, — or rather, what

conclusion the jury had the right to arrive at from the evidence as to the extent of those injuries. As no bones were broken, and there was but little external evidence of injury, it is no doubt possible that plaintiff's sufferings from the result of the accident, and its injurious effect upon her physical and mental health, may have been greatly exaggerated. But there was direct testimony to the points that she was greatly injured in the right arm and shoulder; that the internal ligaments of the shoulder joint were seriously ruptured; that she suffered great pain, and at the time of the trial, nearly two years after the accident, still suffered great pain in the right arm and shoulder, in the back of the head and neck, and in the chest; that her memory was at times impaired; that she was unable to earn a livelihood, and practically unable to do work or perform services of any value; that but little progress had been made towards recovery; and that her injuries would probably be permanent. There was, no doubt, some evidence tending to show that her condition was not as bad as above stated; but the issue as to the extent of her injury was one of fact, about which there was a substantial conflict of evidence; and we cannot say that the jury were not warranted in finding according to the direct testimony above referred to. And such being the case, we are not prepared to say that the verdict should be set aside for excessiveness in the amount of damages.

There are no other points in the case requiring notice. Judgment and order appealed from are affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.