[S. F. No. 1679. In Bank. — November 11, 1901.]

## J. W. SIEMSEN, Appellant, v. OAKLAND, SAN LEANDRO, AND HAYWARDS ELECTRIC RAILWAY, Respondent.

ORDER GRANTING NEW TRIAL — SPECIFICATION OF GROUND — REVIEW UPON APPEAL. — Under an order granting a new trial on the sole ground specified of the misconduct of a juror, the question of the sufficiency or insufficiency of the evidence, though specified in the motion, will not be reviewed upon appeal from the order, but the review will be confined to such misconduct, and to asserted errors of the court in the trial of the case.

ID. — MISCONDUCT OF JUROR — IMPEACHMENT OF VERDICT — AFFIDAVIT AS TO ADMISSIONS. — The alleged misconduct of a juror in visiting, during the trial, the scene of the accident in controversy, and using his examination to show the jurors how, in his judgment, the accident occurred, cannot be proved by an affidavit of his declarations or admissions to that effect, made after the close of the trial. His inability to impeach his own verdict on that ground extends to proof of his admissions, made to the same effect.

ID. — TIME OF MISCONDUCT OF JUROR. — There is no proper distinction between the misconduct of a juror during the trial, before retirement, and his misconduct after retirement, as respects the inadmissibility of his affidavit or admissions to impeach his verdict.

ID. — TRIFLING MISCONDUCT OF JUROR — ACTION FOR NEGLIGENCE — EXCESSIVE SPEED OF ELECTRIC CAR — IMMATERIAL VISIT TO TRACK. — Proof of trifling misconduct of a juror, which could not be prejudicial to the moving party, is not ground for disturbing a verdict; and in an action to recover for injuries, caused by the negligence of an electric railway company, where the sole ground of recovery is the excessive speed of an electric car, causing it to run off the track, to plaintiff's injury, and the defense was that the accident was caused by a latent, undiscoverable defect in the wheel, the visit of a juror to the track, and his inspection thereof, is not such misconduct as would justify a new trial.

NEGLIGENCE — RESPONSIBILITY FOR LATENT DEFECTS IN CAR WHEEL. — An electric railway company, charged with negligence for the excessive speed of its car, is responsible for latent defects in the wheel of the car, causing it to run off the track, to plaintiff's injury, which might have been discovered by proper tests during the process of its manufacture, notwithstanding the defects could not have been discovered after the vehicle came into its possession.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Fitzgerald & Abbott, for Appellant.

There being but one exception in this state to the rule that jurors cannot impeach their own verdict, every other exception is excluded. (*People* v. *Azoff*, 105 Cal. 634, 638; *Boyce* v. *California Stage Co.*, 25 Cal. 476; *People* v. *Ritchie*, 12 Utah, 180.) The instruction as to the responsibility of the defendant for latent defects in the car wheel was proper. (*Treadwell* v. *Whittier*, 80 Cal. 574;[1] *Hegeman* v. *Western Ry. Corp.*, 13 N. Y. 9.[2])

Sam Bell McKee, A. A. Moore, and Chickering, Thomas & Gregory, for Respondent.

The rule that affidavits of jurors are not admissible to impeach their verdict extends only to matters taking place during their retirement, but does not affect affidavits of jurors for the purpose of showing any matter occurring during the trial, or in the jury-room, which does not essentially inhere in the verdict itself. (*Peppercorn* v. *Black River Falls*, 89 Wis. 38;[3] *McBean* v. *State*, 83 Wis. 206; *Garside* v. *Ladd Watch Co.*, 17 R. I. 691; *Ortman* v. *Union Pacific Ry. Co.*, 32 Kan. 419; *Harrington* v. *Worcester etc. Ry. Co.*, 157 Mass. 579; *Aldrich* v. *Wetmore*, 52 Minn. 164; *Perry* v. *Bailey*, 12 Kan. 539; *Wright* v. *Tel. Co.*, 20 Iowa, 195, 210; Thompson on Trials, sec. 2619.) The instruction as to responsibility of the defendant for latent defects in the wheel, which could only have been discoverable in manufacture, was improper. (Civ. Code, sec. 2100; *Fisher* v. *Southern Pacific Co.*, 89 Cal. 399; *Lawrence* v. *Green*, 70 Cal. 417;[4] *Perry* v. *Malarin*, 107 Cal. 363; *Treadwell* v. *Whittier*, 80 Cal. 574;[5] *Jamison* v. *Santa Clara etc.*, 55 Cal. 593; Booth on Street Railways, sec. 332; 2 Shearman and Redfield on Negligence, sec. 497; 2 Rapalje and Mack's Digest of Railroad Law, 379, 341; Wharton on Negligence, 628, 629; Patterson on Railway Accident Law, 240; *Ingalls* v. *Bills*, 9 Met. 1;[6] *Grand Rapids R. R. Co.* v. *Huntley*, 38 Mich. 537;[7] *Nashville R. R. Co.* v. *Jones*, 9 Heisk. 27; *Meier* v. *Pennsylvania R. R. Co.*, 64 Pa. St. 225;[8] *Toledo etc. R. R. Co.* v. *Beggs*, 85 Ill. 80;[9] *Carter* v. *Kansas City Cable Co.*, 42 Fed. Rep. 37; *Richmond etc. R. R. Co.* v. *Elliott*, 149 U. S. 266.)

[1] 13 Am. St. Rep. 175.
[2] 64 Am. Dec. 517.
[3] 46 Am. St. Rep. 818.
[4] 59 Am. Rep. 428.
[5] 13 Am. St. Rep. 175.
[6] 43 Am. Dec. 346.
[7] 31 Am. Rep. 321.
[8] 3 Am. Rep. 581.
[9] 28 Am. Rep. 613.

HENSHAW, J.— Plaintiff sued to recover damages for injuries sustained by him, through the derailment of one of defendant's electric cars moving upon a street in the city of Oakland. The cause was tried before a jury, and the verdict and judgment were for plaintiff. In due time defendant moved for a new trial, upon the grounds of misconduct of the jury, insufficiency of the evidence, and errors of law occurring at the trial. The court granted the motion for a new trial upon the sole ground of the misconduct of juror Long, stating further, that all other grounds of the motion had been examined and found insufficient. Under this order we will not here review the evidence for a redetermination of the question of its sufficiency or insufficiency. (*Kauffman* v. *Maier*, 94 Cal. 269.) There are thus left for consideration the questions of the misconduct of the juror Long, and the asserted errors of the court in the trial of the case.

As to the issues joined by the pleadings, saving the issue upon the nature, character, and extent of plaintiff's injury, reference may be made to the case of *Johnsen* v. *Oakland etc. Electric Ry. Co.*, 127 Cal. 608. Plaintiff in that case was a passenger upon the same car to which the accident occurred. The evidence as to the nature, occasion, and extent of the accident to the car was substantially the same, and given by the same witnesses, in that case as in the case at bar. This evidence shows that the car was going at an unusual and excessive rate of speed, and that while upon a curve in the track, a flange of a wheel broke, the car was suddenly derailed, and the plaintiff hurled from the car to the ground, sustaining the injuries complained of. In the Johnsen case it was said: "It is first contended that the excessive speed of the car was not the proximate cause of the accident. This claim is based upon the testimony of defendant's witnesses to the effect that a perfect wheel of the kind here in use would safely support a similar car running at a speed much greater than the speed of this car at the time of the accident. This may be conceded, and still, under the facts of this case, it might well be said by the jury that the excessive and unlawful rate of speed of the car was the proximate cause of the injury. The jury may well have been justified in saying that after the flange of the wheel broke, the car would not have left the track, if the speed had not been excessive; or the jury may have gone a step further, and declared that even though the car would have left the

track, still the plaintiff would not have been injured, if the car had been traveling at an ordinary and lawful rate of speed." To this it may be added, that the jury might also have concluded that even the defective flange would not have broken, except for the inordinate strain put upon it by the excessive and unlawful speed.

So much by way of preliminary to an understanding of the matters relating to the alleged misconduct of the juror Long. In support of this ground of motion, defendant offered two affidavits,— the one by Frank Putnam, a conductor upon one of the cars of defendant company; the other by C. Gustafson, superintendent of the defendant company. The latter affidavit the court refused to admit in evidence. Gustafson declares that after the verdict in the case, and after the discharge of the jury, he had a conversation with the juror Long, in which Long told him that during the trial of the cause he had visited the place of the accident, and made an examination of the track and rails, from which examination he became reasonably certain of the way in which the accident had happened; that by reason of this visit he was the only one of the jurors familiar with the scene of the accident, and thereby became able to show, and did show, his fellow-jurors, in their deliberations, how, in his judgment, the accident occurred. This affidavit was properly refused admission in evidence. While it is not, in terms, an affidavit by a juror impeaching his own verdict, it is an affidavit of admissions made by a juror to the same effect. If the juror himself would not have been permitted to make affidavit directly to these facts, clearly the affidavit by another, of his declarations and admissions, offered for the same purpose, would be equally inadmissible. What the juror could not do directly could not thus indirectly be effectuated. However the rule may be in other states, it is settled in this beyond controversy that a juror may impeach his own verdict upon no other ground than that designated by the code. (Code Civ. Proc., sec. 657, subd. 2. See *Boyce* v. *California Stage Co.*, 25 Cal. 463; *Polhemus* v. *Heiman*, 50 Cal. 438; *People* v. *Gray*, 61 Cal. 183;[1] *People* v. *Deegan*, 88 Cal. 602; *People* v. *Azoff*, 105 Cal. 632; *Saltzman* v. *Sunset Telephone Co.*, 125 Cal. 501.)

It is sought by respondent, upon this motion, to make a dis-

[1] 44 Am. Rep. 549.

tinction between the misconduct of a juror before retiring, and the misconduct of a juror during retirement; but to this it may be said, in the language of *Boyce* v. *California Stage Co.*, 25 Cal. 463: "In conclusion, upon this branch of the case we may add that a line of judicial decisions which struggles to multiply exceptions to a plain and simple rule, founded on considerations of the wisest policy, is not to be favored; on the contrary, the struggle should be to bring every case within the rule, lest the rule itself become shadowy, and in time wholly disappear in a multitude of exceptions." Utah adopted into its code the exact provision found in subdivision 2 of section 657 of our Code of Civil Procedure. In *People* v. *Ritchie*, 12 Utah, 180, that court elaborately considers the question, and coincides with the views here expressed. Of course, affidavits of jurors in support of their verdict are upon all occasions admissible.

There is left, then, for consideration the affidavit of Putnam alone. Putnam swears that during the trial of the cause, while passing with his car at the scene of the accident, he saw Long "standing between the tracks, watching the car and observing its progress"; also, that "he seemed to be examining the ground and the south track. . . . He made examination of the rails of the company in the locality of the Lake View Cottage, and seemed to be trying to understand their construction and position." This affidavit is not controverted. The foregoing is all of the evidence upon misconduct. While the exercise of a liberal discretion in the granting of new trials is recognized, it does not follow that an order must always be upheld, or will be upheld, where an examination of the record discloses that the misconduct was of such trifling nature that it could not, in the nature of things, have been prejudicial to the moving party. Where it appears that the fairness of the trial has been in no way affected by such impropriety, the verdict will not be disturbed. (*State* v. *Allen*, 89 Iowa, 49.) Where the *locus* itself is in dispute, or where its exact condition has an essential bearing upon the controversy, it may well be that a verdict should be set aside upon proof that a juror improperly acquired knowledge of that *locus*, or its condition, by visiting the place, but, as was said in *Bowman* v. *Western Furniture Mfg. Co.*, 96 Iowa, 188, where there is no controversy as to the locality inspected, and no probability of prejudice resulting from the inspection, the verdict should not be disturbed. Here, the place of the accident was not disputed.

The cause of the accident, as alleged in the complaint, and upon proof of which alone plaintiff was entitled to recover, was, that the car was so "negligently and carelessly maintained, operated, and managed that, while moving at great and unlawful speed, it ran off the track of said railroad." That it did run off the track is not disputed, the defense against this charge of negligence being that the accident occurred by reason of a latent defect in a wheel, which could not, by the exercise of due care, have been discovered, and which was not discovered. It is not charged in the complaint that the car left the track by reason of defective rails or road-bed, and we fail to see, therefore, how the affidavit of Putnam, which amounted to nothing more than that he saw the juror between the tracks, *seemingly* examining them, is a sufficient showing to justify a new trial.

In the instructions complained of, the court charged the jury as to the responsibility of defendant company for latent defects in the wheel. It is said by Shearman and Redfield, in their work on Negligence (sec. 497): "Whether he [defendant] is responsible for defects which could not have been thus discovered after the vehicle came into his possession, but could have been discovered by the use of such tests during the process of manufacture, is a question upon which there is a difference of opinion. In New York it has been distinctly held that he is. It was so held in England many years ago, but in later cases the question has been purposely left open. In Massachusetts and Scotland, it is held that he is not." Of the New York cases bearing upon this question may be cited: *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9;[1] *Alden* v. *New York etc. Ry. Co.*, 26 N. Y. 102;[2] *Birmingham* v. *City of Brighton Ry. Co.*, 59 Hun, 538. In this state, the rule as laid down in New York has been adopted. (*Treadwell* v. *Whittier*, 80 Cal. 574.[3])

We perceive no error in the rulings of the court complained of in admitting or rejecting evidence.

For the foregoing reasons the order appealed from granting defendant a new trial is reversed.

Temple, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.

Rehearing denied.

[1] 64 Am. Dec. 517.   [3] 13 Am. St. Rep. 175.
[2] 82 Am. Dec. 401.