[Civ. No. 1483.   Second Appellate District.—February 27, 1914.]

VIVA E. LYNCH, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Defendant; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Defendant and Appellant.

DAMAGES FOR PERSONAL INJURIES—WHETHER VERDICT SO EXCESSIVE AS TO SUGGEST PREJUDICE OR PASSION.—A verdict for fifteen thousand seven hundred and fifty dollars for personal injuries sustained by a woman twenty-three years of age and consisting of a broken leg, several broken ribs, a wrenched back, and injury to the nerves resulting in sensory paralysis of one arm, while large, cannot be said to be so excessive as to justify the conclusion that it was awarded under the influence of passion or prejudice.

ID.—REMITTING PART OF VERDICT—WHETHER INDICATES PREJUDICE OR PASSION.—In such case, where the trial court orders a new trial unless the plaintiff, within a time limited, files a stipulation remitting from the judgment a designated sum, and the plaintiff files such stipulation, and the new trial is accordingly refused, this does not indicate that the verdict was suggested by passion and prejudice and therefore should be set aside by the appellate court.

Id.—Appeal—Review of Verdict for Personal Injuries as Excessive.—A verdict in a personal injury case will not be disturbed on appeal as excessive, unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of cool and dispassionate discretion of the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Fred V. Wood, Judge presiding.

The facts are stated in the opinion of the court.

J. W. McKinley, and R. C. Gortner, for Appellant.

Flint, Gray & Barker, for Respondent.

CONREY, P. J.—In this action the plaintiff seeks to recover damages for injuries received by her through the negligence of the defendant while she was a passenger in a car of the defendant. By a verdict of the jury plaintiff was awarded the sum of $22,750, and judgment was entered accordingly. In ruling upon defendant's motion for a new trial, the superior court ordered that said motion be granted, unless the plaintiff should within a time limited file a stipulation remitting from the judgment the sum of seven thousand dollars, and that if the plaintiff should file such stipulation the motion for a new trial should be denied. The plaintiff did file the required stipulation remitting from the judgment the sum of seven thousand dollars, and the motion was denied. The defendant appeals from the judgment and from said order denying its motion for a new trial.

The defendant admits its negligence and its liability for such injuries as were received by the plaintiff at the time and place described in the complaint. The defendant contends that its motion for a new trial should have been granted, upon the ground that the damages awarded are so excessive that they appear to have been given under the influence of passion and prejudice; that there is no evidence proving or tending to prove that the plaintiff sustained any injury or suffered any disability which is reasonably certain to exist in the future, or any permanent disability whatever; and that the amount of the judgment, even after the reduction

to $15,750, remains so excessive as to be subject to the same objections before mentioned.

The injuries of plaintiff were received as the result of a collision between a train of the Southern Pacific Company and an electric car of the defendant company in which the plaintiff was riding. The injuries received and proved were a fracture of the tibia immediately above the ankle of the left leg; a fracture of the third, fourth, and fifth ribs of the left side, and a wrenching of the back and injury to the nerves, resulting in a sensory paralysis of the left arm along the entire length thereof from the hand to the shoulder. It was shown that the plaintiff suffered much severe pain; was compelled to remain constantly in bed for at least two months, and was required to use crutches for some time thereafter. At the time of the accident she was twenty-three years of age, her health was good, and she lived at home with her father. It does not appear that she had any other occupation than that of a housekeeper. The fractured bone of the leg was healed so well that at the time of the trial (six months after the accident) she could walk short distances without crutches and the recovery would soon be practically complete. The fractures of the ribs were well healed, although there remained, and probably would remain, a small calloused lump on the breast. The principal permanent injury claimed consisted in the nervous shock and injury resulting in the paralysis above mentioned.

It is urged by appellant that the testimony given as to the future condition of the arm in question was entirely inadequate to afford any basis for a finding of permanent future disability and amounted in fact only to a statement that the future condition of that arm, either as to improvement or nonimprovement, was but a matter of conjecture. Admitting, as we do, that the plaintiff is entitled to receive only fair and reasonable compensation for such harm as follows naturally from the injury, and that she is not entitled to any damages that are merely conjectural or flow from sympathy, we must look to the record to see whether there is any evidence substantially in support of the claim that the injury and described condition of plaintiff's arm are permanent. Dr. Newcomb said that there was a complete sensory paralysis directly over the plaintiff's left shoulder and in the arm, and also in

that arm some motory paralysis. "As to sensory condition of the left arm, I would say that after six or eight months with no improvement, it looks very unfavorable with reference to prognosis. As to whether there will ever be a complete return of normal conditions in that left arm, I could only say that it looks very unfavorable." Dr. Brainerd said: "While there may be some improvement over present conditions, there will never be full return of the usefulness of the arm. The sensation and motion and muscular development will never be the same as they were before. It is accurate to state that in my opinion the extent of any improvement is entirely conjectural." On cross-examination he said: "As to the condition of her left arm, my opinion is that we cannot tell what degree of recovery, if any, will take place, and we cannot say that it will not take place. It is too early yet. It is six months now and no improvement has apparently taken place, very little, and we cannot say from that that there will absolutely be an improvement. Every month that goes by lessens the· probability of future improvement, but when it comes to saying absolutely that this patient will not recover beyond the present condition, we cannot say that." He also stated his opinion that the plaintiff has a distinct lesion of the nerve supply of the limb, and that the type of it is neuritis,—brachial neuritis. Dr. Pepper said: "Assuming from the history of the case that the sensory paralysis has extended in the past six months, I would say that it is progressive and is getting worse and would be permanent under those conditions. I cannot foretell the extent to which that paralysis will go in the future." On the other hand, we find that Dr. Bryant and Dr. MacGowan were of the opinion that the difficulty existing in plaintiff's left arm is a purely functional trouble; that she was suffering from an hysterical paralysis of the nerves, or sensation in her left arm; and that in a short time there would be a very complete recovery of the plaintiff in respect to the nervous trouble and loss of sensation in the arm, as well as with respect to the other injuries received.

From the evidence thus summarized it appears that there was ample testimony upon which to base the finding implied in the jury's verdict and in the court's order, that the nervous injuries and condition of paralysis in plaintiff's arm and shoulder are of very serious character and reasonably certain

to continue for an indefinite time. The physicians who testified for the plaintiff were not willing to forecast the future as to the questions presented, in absolute terms. They indicated a reasonable probability that the injuries are permanent. On the other side the testimony indicated a reasonable probability that they are not permanent. Under such circumstances of conflicting opinion the jury in rendering a verdict are entitled to find the facts in accordance with that part of the evidence in which they place the greater confidence.

In *Morgan* v. *Southern Pacific Co.,* 95 Cal. 501, 508, [30 Pac. 601, 602], the supreme court, in passing upon a claim that damages awarded by a jury were excessive, said: ''The amount of the verdict is certainly quite large—larger than we, if sitting as a jury, would have felt it our duty to give. But that consideration alone is not sufficient to warrant us in disturbing the verdict. There is no absolute rule in such a case; and about all that can be safely said on the subject may be found in the opinion of the court in *Aldrich* v. *Palmer,* 24 Cal. 513, and the cases there cited. The general conclusion, as nearly as one can be formulated, is as there stated,— namely, that a verdict will not be disturbed because excessive, 'unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of cool and dispassionate discretion of the jury.' ''

In *Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237, 254, [116 Pac. 513, 520], it is said: ''It has been decided by this court that the only means of discovering the existence of passion and prejudice as influencing a verdict is by comparing the amount of the verdict with the evidence before the trial court. To say that a verdict has been influenced by passion and prejudice is but another way of saying that the verdict exceeds any amount justified by the evidence. (*Doolan* v. *Omnibus Cable Co.,* 140 Cal. 375, [73 Pac. 1060].) Damages in cases such as this are not liquidated. No fixed amount may be recovered, no exact proof of any fixed amount can, from the nature of the case and of the elements which enter into the award of damage, ever be made.''

The suggestion is made by counsel for appellant that the conditional order which was made by the court requiring the plaintiff to reduce the amount of this judgment, amounts to a

finding that the verdict was influenced by passion and preju-
dice. That suggestion is answered by the language above
quoted. The court's order amounted to nothing more than a
finding by the judge that the verdict "exceeds any amount
justified by the evidence." In the absence of any other evi-
dence affecting the conduct of the  jury, the case is now in
substantially the same state as if the jury had rendered a
verdict for the lower amount, $15,750, and the court had
thereupon denied a motion for a new trial. In this case, while
the judgment is large, "the amount of damage was a ques-
tion for the jury subject to the supervision and correction of
the trial court." That supervision having been exercised and
that correction having been made by the trial judge, the rec-
ord does not clearly warrant a conclusion that under the cir-
circumstances the judgment should be further reduced.
(*Perkins* v. *Sunset Tel. & Tel. Co.*, 155 Cal. 712, 722, [103
Pac. 190].)

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal was denied by
the supreme court on April 27, 1914.