[Civ. No. 2555. Second Appellate District, Division Two.—March 5, 1920.]

O. L. SEELYE, Respondent, v. A. C. HARVEY, Appellant.

[1] ASSAULT AND BATTERY—EVIDENCE—DAMAGES—JUDGMENT.—In this action for damages, the evidence was amply sufficient to support the findings of an unprovoked, willful, and malicious assault and battery, and the court was justified in its judgment as to the amount allowed as exemplary damages, but, considering the evidence introduced to prove the actual damage suffered, its judgment as to the amount allowed as actual damages was excessive.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Reversed.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellant.

E. H. Jolliffe and Archie D. Mitchell for Respondent.

SLOANE, J.—This appeal is upon a judgment for damages from assault and battery. The court on the trial found that the assault and battery had been committed by defendant upon the plaintiff, that the acts complained of were without cause or provocation, and that they were done maliciously and with intent to humiliate, vex, annoy, and injure the plaintiff. Judgment was for $815 actual damages, and five hundred ·dollars exemplary damages.

[1] The evidence is amply sufficient to support the findings of an unprovoked, willful, and malicious assault and battery. According to plaintiff's testimony, he visited the fruit-canning establishment of which the defendant was manager to see him regarding some peaches consigned to the cannery by plaintiff, which had been rejected. Not finding defendant in the office, he hunted him up on the grounds, and was told by defendant that he (defendant) was busy, and to wait for him. After waiting a considerable time, plaintiff again sought the defendant, and this time was directed to the work-room of the cannery. He again approached defendant and asked to see him in the office; whereupon, as plaintiff testifies, "he went into a rage; he says, 'Damn you, get out of here or I will kill you,' and commenced working his fists." Plaintiff turned away and started for the door, the defendant following him, striking him in the back with his fist; and his wife, who was present, having caught him by the arm, told him not to make a fool of himself. He continued, however, to pursue plaintiff, kicking and striking at him. The evidence further shows that plaintiff was bruised and injured, suffered humiliation and nervous shock, was confined to his bed a number of days under the care of a physician, and was for a long

46 Cal, App.—29

period more or less incapacitated for his work as manager of a fruit ranch. Plaintiff's own narrative is substantially corroborated by other witnesses, and the rebuttal is not very complete or convincing.

The claim that plaintiff was abusive and threatening in his manner is not substantiated. It is alleged that the room where the assault occurred was placarded "No Admission," and that plaintiff was a trespasser. Even so, he testifies that he did not know it was so posted, and the evidence shows that he promptly tried to leave and to escape defendant on being told to get out.

There was no prejudicial error in the admission of evidence. The testimony that plaintiff's business was affected by his injuries, and that his natural disposition for peace and quiet was good, was immaterial and harmless, in the light of all the facts of the case. The admission of the deposition of the witness Edna Bennett Allen, on the showing made of her being unable to attend in court, was well within the discretion of the court.

We are of the opinion that the court was justified in its judgment of five hundred dollars as exemplary damages. Our only doubt as to the correctness of the judgment is with regard to the allowance of $815 as actual damages. The testimony of plaintiff's physician did not present a very serious condition—some bruises and contusions; no bones broken; no fractures or dislocations; no permanent injuries; some mental suffering. The plaintiff's own testimony as to the amount of financial loss occasioned is rather vague and indefinite. His claim that he paid out about eight hundred dollars for extra help in excess of that which would have been necessary had he been personally fit is rather conjectural. Our conclusion is that the judgment is excessive.

The judgment is reversed and a new trial granted, unless plaintiff, within thirty days after filing of *remittitur*, remits from his judgment the sum of five hundred dollars. If such amount be so remitted, the judgment as so reduced will stand affirmed.

Finlayson, P. J., and Thomas, J., concurred.