[Civ. No. 8331. First Appellate District, Division One.—September 28, 1932.]

LAVINA TROYER SHERWOOD, Respondent, v. DONALD BEVINS JACKSON, Appellant.

442

Jefferson E. Peyser for Appellant.

Glensor, Clewe, Schofield & Van Dine for Respondent.

ATTERIDGE, J., *pro tem.*—In this action to recover damages resultant from an assault and battery, the verdict of the jury was initially in favor of plaintiff and respondent as against defendant and appellant for $2,500 actual damages, together with an award of $1,000 punitive damages. Subsequently, on motion for a new trial and as a required condition precedent to the denial thereof, the trial court exacted of plaintiff a remission of $1,000 of the amount awarded as actual damages, as well as $495 of the sum assessed as punitive damages. Plaintiff having filed her consent thereto, judgment in her favor in the reduced amounts was duly entered, from which defendant prosecutes this appeal.

The main contention advanced by appellant is that the award for damages is so excessive in amount as to indicate that the jury in making its assessment thereof were animated by passion and prejudice. ▪ But the question as to whether or not any given verdict for damages is excessive in amount or arrived at through improper influences is always one for the primary consideration of the trial court which heard the cause or supervised the deliberations of the jury returning it. When that tribunal has fairly exercised its discretion in approving, disapproving or modifying a given award in the manner and in the light of the considerations enjoined upon it by law, an appellate court must of necessity accord the greatest deference to the deliberately formed judgment of the trial court. This is because of the obviously superior and unrestricted opportunity which the latter alone possesses of passing upon the weight and

effect of evidence, as well as of observing or determining just what influences, proper or otherwise, may have operated upon the collective minds of the jury. With these considerations in view our Supreme Court has repeatedly announced as a rule of law the precise evidentiary situation which must always exist and be presented by the record, before an appellate court is warranted in reversing a judgment upon the present ground thus urged by the appellant, as follows:

"Unless we (the reviewing court) are able to say that the award of damages made by the jury and sustained by the trial court was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice, or corruption, rather than an honest and sober judgment, this court may not exercise the power of revision." (*Kelley* v. *Hodge Transp. System,* 197 Cal. 598 [242 Pac. 76, 81], citing authority.) (Parenthetical insertion ours.)

The record in the instant appeal wholly fails to present a case falling within the requirements of the rule last above stated. The evidence adduced on behalf of plaintiff, and to which the jury by its verdict gave credence and the trial court its ratification, tends to establish that she was the victim of a severe and reckless assault which had been committed on her by defendant. At the time of the assault the parties had been engaged as partners in the ownership of a telephone service operated for the convenience of physicians and dentists in the receiving and dispatching of their telephone calls. It was located in a building in San Francisco devoted exclusively to the tenancies of professionals of the given character. In the late afternoon of August 20, 1929, while plaintiff was peacefully engaged in the discharge of duties incident to the nature of their business, defendant became incensed in the course of a telephone conversation being participated in by and between the two parties (in different rooms but upon connected lines of communication) with a prospective employee. Thereupon leaving his room, the first words he addressed to plaintiff upon entering her office were: "God damn your soul to hell." He then committed an initial assault by throwing the telephone directory of the San Francisco metropolitan area

at her, which plaintiff succeeded in dodging. After some further expression of profane language (which, however, should have afforded an interval for cooling time) following his initial assault defendant seized a telephone instrument (to which was attached an accessory termed a "Hush-a-phone", and which doubtless tended to intensify the danger of injury to plaintiff) and hurled it at plaintiff, striking her upon the head and inflicting thereon a deep wound over her right eye. The wound was through the tissues to the bone, and its initial treatment required a number of stitches and further medication. It left a permanent scar of some magnitude.

There was additional testimony as to the detrimental effect of the occurrence upon plaintiff's nerves, heart and general health, which the jury were entitled to weigh and consider in making its award, as well as further testimony as to bruises on other portions of her body, resultant not from the major battery, but from an effort of defendant to restrain her immediate departure after the assault.

In our opinion a judgment of $1500 actual damages based upon these circumstances falls short of establishing the inference of passion and prejudice whose presence has been earlier herein shown to be an indispensable requisite in order to warrant interference on the part of an appellate court.

In this connection it is pertinent to further observe that after remission in part upon order therefor by the trial court, a verdict is reviewed on appeal as if it had been returned in the first instance by the jury in the reduced amount. (*Lynch* v. *Southern Pac. Co.*, 24 Cal. App. 108 [140 Pac. 298]; *Smith* v. *Brown*, 102 Cal. App. 477, 487 [283 Pac. 132].)

Appellant further claims that the evidence is insufficient to justify the award of punitive damages even in the reduced sum ordered by the trial court. But the evidence upon which (under familiar rules of appellate practice) we are required to assume that the verdict of the jury was based is ample to establish a wilful and unprovoked assault and battery. Aside from the proven facts that appellant was the sole aggressor, physically a member of the stronger sex, and that the element of self-defense is entirely absent from the case, his deliberate intention to be and remain

belligerent is established by his second return to the attack, culminating, as it did, in a severe battery, after his initial assault had failed only because of the agility of plaintiff. The propriety of an award of exemplary damages under such circumstances is well established. (*Bloomberg* v. *Laventhal*, 179 Cal. 616, 620 ·[178 Pac. 496]; *Bundy* v. *Maginess*, 76 Cal. 532 [18 Pac. 668].)

The sum allowed by the trial court (after reduction of the jury's assessment in a larger amount) does not exceed that of a similar award approved on appeal under somewhat analogous circumstances in *Seelye* v. *Harvey*, 46 Cal. App. 448.

We therefore rule that appellant's above specified claim is without merit.

█ Appellant also made the useless and futile attempt of causing a juror to impeach his own verdict by a recital of extraneous matters alleged to have transpired in the jury-room. None of the matters set forth in the said juror's affidavit related to the definitely limited grounds upon which alone a juror is permitted to impeach his verdict (such as averments by the affiant that it was arrived at by "a resort to the determination of chance"), and the only effect of appellant's presentation of such an affidavit to the trial court on motion for a new trial and to this court in his briefs has been to unnecessarily add to the labors of both through the vain interjection of a false quantity into the case. As to the futility of such affidavits in derogation of a juror's verdict see *Fereira* v. *Silvey*, 38 Cal. App. 346, 357, 358 [176 Pac. 371]; *Siemsen* v. *Oakland etc. Ry. Co.*, 134 Cal. 494 [66 Pac. 672]; 20 California Jurisprudence, pages 61, 62.

█ The learned trial judge fully and fairly instructed the jury upon all the issues of the case, and the claim of appellant that it erred in failing to give certain tendered instructions with respect to the duty and power of the jury in making its assessment of damages is without merit because all of the qualifications of the instructions referred to were substantially incorporated in the instructions elsewhere given by the court on the subject. █ Similarly a requested specific instruction relating to the effect of the belief of the jury if it found that "*plaintiff* had sworn falsely to a material allegation" was fully covered by the court's general instruction upon this subject in its broader application to

*all* witnesses, in the event the jury should find any of them to have sworn falsely. The court merely gave the time-honored and approved instruction on this subject, which has for its basic doctrine subdivision 3 of section 2061 of the Code of Civil Procedure, which it will be observed refers to a "witness" rather than to a litigant. The trial court was eminently correct in charging the jury generally in this respect instead of specially singling out the plaintiff for an emphasized (possible) application of the legal principle involved.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 28, 1932.