[Civ. No. 10747. First Appellate District, Division Two.—July 12, 1938.]

ATHALIE PHIPPS, Appellant, v. HELEN M. PATTERSON et al., Respondents.

Philander B. Beadle for Appellant.

Owen M. Gentry for Respondents.

SPENCE, J.—This is an appeal from an order denying plaintiff's "motions to correct verdicts and to correct judgments entered pursuant to verdicts".

Upon the trial, the jury returned two separate verdicts. In one, the jury found in favor of plaintiff and against defendant F. J. Patterson and assessed damages in the sum of $2,500. In the other, the jury found in favor of plaintiff and against defendant Helen M. Patterson and assessed damages in the sum of $2,500. Judgment was entered that plaintiff have and recover from defendant F. J. Patterson the sum of $2,500 and that plaintiff have and recover from defendant Helen M. Patterson the sum of $2,500.

The motion of plaintiff was for an order changing the figures "$2,500" in each of said verdicts to read "$5,000" and to change the figures in the judgment in like manner. Said motion was made upon the ground that said corrections were necessary to correct a mistake of the jury and was based upon the affidavits of the jurors. Defendants moved to strike the affidavits of the jurors upon the ground that said affidavits could not be received to impeach the verdict. No ruling was made on defendants' motion to strike but the trial court denied plaintiff's motion upon the ground stated in support of defendants' motion.

Appellant contends that the trial court erred in denying appellant's motion but we find no merit in this contention. ■ The rule is well settled in this jurisdiction that the verdict of a jury may not be impeached by the affidavits of the jurors except where the affidavits show that the verdict was arrived at by a resort to the determination of chance within the meaning of subdivision 2 of section 657 of the Code of Civil Procedure. (*Snoffer* v. *City of Los Angeles,* 6 Cal. App. (2d) 14 [43 Pac. (2d) 852] ; *Sherwood* v. *Jackson,* 126 Cal. App. 441 [14 Pac. (2d) 861] ; *City of Los Angeles* v. *Hall,* 103 Cal. App. 460 [284 Pac. 707] ; *People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435] ; *Siemsen* v. *Oakland, S. L. & H. Elec. Ry.,* 134 Cal. 494 [66 Pac. 672] ; *Fredericks* v. *Judah,* 73 Cal. 604 [15 Pac. 305].) The rule is a salutary one based upon considerations of public policy which are well expressed in the authorities cited herein and need not be repeated here. We find no authority in this state making any exception to the general rule other than the single exception stated above which is expressly provided in the code section above mentioned.

■ Appellant concedes the general rule, but takes the position that the affidavits here do not impeach the verdicts

but, on the contrary, said affidavits "state what the verdicts really were. The affidavits merely show that, through mistake, the verdicts as returned do not reflect the true verdicts agreed upon by the jury." We do not believe this position tenable as it is based upon a misconception of what constitutes the verdict. The "verdict" is "the answer of a jury *given to the court* . . . ". (25 Cal. Jur. 921; Webster's New International Dictionary, 2d ed.) It was the answer of the jury *given to the court* that appellant was seeking to impeach and defeat by the affidavits of the jurors. The early case of *Polhemus* v. *Heiman,* 50 Cal. 438, is closely in point. The court there said, "In this state the affidavits of jurymen cannot be received to impeach or defeat their verdict. The prohibition extends beyond cases of wilful misconduct on the part of jurors and to every case in which the affidavits are attempted to be used as ground for setting aside a verdict because of a misunderstanding of its effect by some or all of the jurors who united in its rendition." (See, also, *Murphy* v. *Murphy,* 1 S. D. 316 [47 N. W. 142, 9 L. R. A. 820].) We are therefore of the opinion that it was proper for the trial court to deny the motions.

The order is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1938.