[Civ. No. 11966.   Second Appellate District, Division Two.—November 29, 1938.]

RAE ELEANOR KENT, a Minor, etc., Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

H. L. Iasigi, Randall & Bartlett and Kenneth W. Kearney for Appellant.

Gibson, Dunn & Crutcher, Penn Cummings and John Henry Peckham, Jr., for Respondent.

CRAIL, P. J.—This is an appeal from an order granting a motion for a new trial. ▮ The jury had returned a verdict in the sum of $25,436, upon which judgment had been entered. The court granted the motion upon the ground, among others, of "excessive damages given under the influence of passion".

The plaintiff, a blind girl seventeen years of age, was a passenger of the defendant and stepped down from the rear end of the car and into an open switch box, three and three-quarter inches wide and more than five inches in depth. The plaintiff was injured, the bones of one of her legs being broken. The jury found that the defendant was negligent in maintaining the switch box, and granted judgment in the large sum already indicated.

In the case of *Bonner* v. *Los Angeles Examiner*, 17 Cal. App. (2d) 458, at 461 and 462 [62 Pac. (2d) 427], where the same question was involved, this court said: "With regard to the granting of a new trial for 'excessive damages appearing to have been given under the influence of passion or prejudice', the rule in the trial court is that it may not grant such an order merely because the verdict seems large or because it is larger than the court sitting as a jury would have given but only when it appears that it was given under the influence of passion or prejudice. On appeal from such an order, however, an appellate court will not disturb the order if there is a reasonable or fairly debatable justification for it. It has been said and often quoted 'that the trial court should be vigilant to set aside verdicts where there is reason to believe that passion, prejudice or sympathy has influenced the jury to give more than the facts reasonably warrant. No definite rule can be announced as to when a verdict is or is not so excessive within these rules, but it is settled that an order granting a new trial for excessive damages will not be disturbed if there is a reasonable or fairly debatable justification therefor. Such an order implies that the motion was

granted upon a consideration of the insufficiency of the evidence to support the verdict.' (20 Cal. Jur. 100.) In the same connection it has been said that 'practically, the trial court must bear the whole responsibility in every case'. (*Bond* v. *United Railroads*, 159 Cal. 270, 286 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687]; *Wiezorek* v. *Ferris*, 176 Cal. 353, 358 [167 Pac. 234].) In all the above we have not been stating new law. We have followed the language of former decisions in setting forth rules which are time-tried and experience-tested—rules which must govern in the determination of this case.''

The record contains the testimony of Dr. Charles M. Tinney, who was called as an expert on behalf of the plaintiff. He testified that the bones, one of which had been broken and one of which he assumed had been broken because there was a shadow running through the fibula which had the characteristics of a healed fracture, had apparently healed the second time he saw the plaintiff; that they were in good apposition and that there had been a good union and excellent results; that he could not see any callus in one but apparently it was quite firm because it had not shown any deviation; and that a person could go on through life with a fibrous union and everything will be all right provided no undue stress is placed upon it. In our view there is a reasonable, or to state the least, a fairly debatable justification for the order, and this court will not set it aside on appeal.

The plaintiff also complains that the court received in evidence three affidavits in support of the motion for new trial. There was the affidavit of the attorney for the defendant and also the affidavit of one of the employees of the defendant that they had talked to one of the jurors, and setting forth the declarations and admissions of the juror that he had gone to the scene of the accident during the course of the trial, had watched the street cars stop at the intersection in question, had satisfied himself that the street car from which plaintiff had alighted had stopped with its rear end opposite to the switch box, and that he had communicated this information to the rest of the jurors. There was also the affidavit of a second juror that during the course of the trial the first juror told other members of the jury that he had gone to the place of the accident and had viewed the safety zone located there and had watched street cars pull

up to the safety zone, and that the rear end of the street car stopped opposite and adjacent to the switch box, all of which satisfied the first juror, he said, that the car involved in the accident stopped with its rear end opposite to the safety zone. It was erroneous for the court to receive these affidavits in evidence. (Code Civ. Proc., sec. 657, subd. 2; *Siemsen* v. *Oakland S. L. & H. Elec. Ry. Co.,* 134 Cal. 494 [66 Pac. 672]; *Kimic* v. *San Jose etc. Ry. Co.,* 156 Cal. 379 [104 Pac. 986]; *Sherwood* v. *Jackson,* 126 Cal. App. 441 [14 Pac. (2d) 861].) In the case of *Siemsen* v. *Oakland etc. Elec. Ry. Co., supra,* the court said with regard to a similar affidavit, ''This affidavit was properly refused admission in evidence. While it is not, in terms an affidavit by a juror impeaching his own verdict, it is an affidavit of admissions made by a juror to the same effect. If the juror himself would not have been permitted to make affidavit directly to these facts, clearly the affidavit by another, of his declarations and admissions, offered for the same purpose, would be equally inadmissible. What the juror could not do directly could not thus indirectly be effectuated. However, the rule may be in other states, it is settled in this beyond controversy that a juror may impeach his own verdict upon no other ground than that designated by the code.''

■ However, it was not necessary for the court to have any affidavit before it in sustaining the motion for a new trial upon the ground of excessive damages given under the influence of passion. It is apparent also that the affidavits dealt solely with the question of the negligence of the defendant and not at all with regard to the amount of damages. We would not feel justified in setting aside the order granting the new trial merely because these affidavits had been erroneously received in evidence.

Order affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1939.