[No. 14052. In Bank. — April 15, 1892.]

## LOUISA V. MARTIN, RESPONDENT, v. CALIFORNIA CENTRAL RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — DEFECTIVE CAR COUPLINGS — DEATH OF BRAKEMAN — KNOWLEDGE OF DANGER — PROVINCE OF JURY — INSTRUCTION. — In an action against a railroad company for damages for the death of an employee who was injured while attempting to couple cars, on the ground that the railroad company did not use ordinary care in the selection of the couplings, by reason of which the deceased was killed, an instruction to the jury, to the effect that the question of negligence was for them to decide under all the evidence in the case, even if it appeared that the deceased knew the character, kind, and dangerous nature of the couplings, and that such knowledge is a circumstance to be considered by the jury, but is not necessarily decisive, is correct.

ID. — ERRONEOUS INSTRUCTION — FORGETFULNESS OF CONTINUOUS DANGER — CONTRIBUTORY NEGLIGENCE. — An instruction to the effect that notwithstanding the deceased was engaged in a dangerous business, requiring constant and watchful care upon his part to save himself from injury,

still, if he did not always bear these things in mind and act upon them, and was thereby injured, he could recover, is erroneous, where there is no evidence showing sudden danger or emergency, and the only danger was the ever-present one incident to the act of coupling the cars. An injury received under such circumstances would be the direct result of contributory negligence, which would defeat a recovery.

Id. — Coupling in General Use — Evidence of Ordinary Care — Instructions. — It is proper to refuse a requested instruction, that if the character of coupling used by the defendant was in general use among railroad companies it was not negligence upon the part of the defendant to use it. Such general use was evidence tending to show ordinary care in the selection of the coupling, but not conclusive.

Appeal from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*A. Brunson,* and *Elmer E. Rowell,* for Appellant.

The first instruction given is erroneous, as it is well settled that if an employee works with or near machinery which is unsafe, and from which he is liable to sustain injury by reason of its being unsafe, with the knowledge, or the means of knowledge, of its condition, he takes the risk incident to the employment, and cannot maintain an action against his employer for injuries sustained by reason of the defective condition of the machinery. (*McGlynn* v. *Brodie,* 31 Cal. 377; *Sowden* v. *Idaho Q. M. Co.,* 55 Cal. 451; 2 Thompson on Negligence, 1016; Shearman and Redfield on Negligence, sec. 94; *Illinois Central R'y Co.* v. *Jewell,* 46 Ill. 99; 92 Am. Dec. 240; *McGutrich* v. *Mason,* 4 Ohio St. 569; *Carey* v. *Setter,* 6 S. E. Rep. 813; *Kelby* v. *Belcher etc. Min. Co.,* 3 Saw. 404; *Davis* v. *Detroit etc. R. R. Co.,* 20 Mich. 105–127; 4 Am. Rep. 364; *Toledo etc. R'y Co.* v. *Ashbury,* 84 Ill. 429; *Hathaway* v. *Michigan Central R'y Co.,* 51 Mich. 253; 47 Am. Rep. 574; *District of Columbia* v. *McElligate,* 117 U. S. 617–633; *Taylor* v. *Baldwin,* 21 Pac. Rep. 124; *Atchison etc. R. R. Co.* v. *Wagner,* 7 Pac. Rep. 204.) If the coupling was in fact dangerous, and it must be conceded by plaintiff to be, else she cannot recover, then with a knowledge of this extra hazard, deceased undertook the

risk, and his legal representative cannot be heard to complain. (*Vaughn* v. *California Cent. R'y Co.*, 83 Cal. 18.) An employer is not bound to furnish for his workmen the safest machinery, nor to provide the best methods for its operation, in order to save himself from responsibility from accidents resulting from its use; if the machinery be of ordinary character, and such as can with reasonable care be used without danger to the employee, it is all that can be required from the employer. (*Sappenfield* v. *Main St. etc. R'y Co.*, 91 Cal. 48; *Doyle* v. *St. Paul etc. R'y Co.*, 43 N. W. Rep. 788; *Lehigh and W. Coal Co.* v. *Hayes,* 18 Atl. Rep. 387. See *Delaware River etc. Works* v. *Muttall,* 13 Atl. Rep. 65; *Manufacturing Co.* v. *Mc-Cormick,* 12 Atl. Rep. 273; *Sweeney* v. *Berlin etc. Envelope Co.,* 5 N. E. Rep. 358.) There being no conflict in the evidence as to the actual knowledge of Martin of the nature and kind of coupling he was called upon to make, and of the general use of said coupler by railroad companies, and there being no evidence showing negligence upon the part of defendant, excepting such presumption, if any, as arises from the use of the Miller coupling, and all these facts being clearly settled, the question of negligence by the defendant, and contributory negligence by the deceased, were questions of law to be decided by the court, and the court erred in denying the motion for a nonsuit. (*Overacre* v. *Blake,* 82 Cal. 77; *Fagundes* v. *Central Pacific R. R. Co.,* 79 Cal. 97; *Glasscock* v. *Central Pacific R. R. Co.,* 73 Cal. 137; *Nehrbas* v. *Central Pacific R. R. Co.,* 62 Cal. 320; *Fernandes* v. *Sacramento City R. R. Co.,* 52 Cal. 45.)

*Byron Waters,* and *Waters & Gird,* for Respondent.

The instruction to the jury that the question of negligence was for them to decide under all the evidence in the case, even if it appeared that the deceased knew the character, kind, and dangerous nature of the said coupling, was proper. (*Magee* v. *North Pacific Coast R. R. Co.,* 78 Cal. 436; 12 Am. St. Rep. 69, and cases cited; Wood on Master and Servant, sec. 327.)

GAROUTTE, J. — This action arose out of injuries resulting in the death of Arthur A. Martin, husband of respondent, who at the time of his death was a brakeman in the employ of appellant.   While attempting to couple a caboose-car and a freight-car, the cars came together and he was instantly killed.   The cause of action is based upon the theory that appellant did not use ordinary care in the selection of the couplings for the cars as operated, and that said Martin met his death by reason of such fact.   The special negligence alleged against appellant consisted in the use of a "Miller hook coupling" upon the caboose-car in connection with a Potter draw-head coupling upon the freight-car; that while each of the couplings, when used in connection with one of its own kind, was practically safe and entirely proper, yet when used in connection with one of the other character, the act of coupling cars became so dangerous that it indicated a lack of ordinary care in the selection of the apparatus, and the employer should be held responsible for all injuries resulting therefrom to the employee.

Appellant denies the unfitness of the machinery, alleges that deceased knew the character of it and assumed the risk, and also that he was guilty of contributory negligence; and in this connection appellant insists that the following instructions, given by the court to the jury, were erroneous: —

"1. The jury are instructed that in this case it is claimed by the defendant that deceased knew the nature, kind, and character of the couplings used on the caboose-car mentioned in the complaint, and that, having such knowledge, he should have so acted as to have avoided injury by said coupling appliances, and failing to do so, he was guilty of contributory negligence.   The question of negligence is for the jury to decide, under all the evidence in the case, even if it appears that said deceased, Martin, knew the character, kind, and dangerous nature of the said coupling.   While it is a circumstance to be taken into consideration by you, it is not necessarily a decisive one.

" 2. If the service to be performed by said Martin in making said coupling was of a character to require that his exclusive attention should be fixed upon it, and that he should act with rapidity and promptness, the law does not require that he should always bear in mind the nature, kind, and dangerous character of. said coupling appliances, or be prepared at all times to avoid it. Taking all the facts into account, it is for you to determine whether said Martin was guilty of such negligence as contributed directly to his death. If you find he was not guilty of such negligence, and that the accident was caused by the neglect of the defendant, then your verdict should be for plaintiff."

Appellant, in effect, contends that knowledge upon the part of Martin of the character of the coupling, and the danger attendant upon the use of it, of itself will defeat a recovery by plaintiff, notwithstanding appellant may have been guilty of the greatest negligence in the selection of the machinery. The principle of law embraced in such contention is entirely too broad in its scope. Section 215 of Shearman and Redfield on Negligence reads: " Such rulings were unjust, because a servant has the same right that any one else has to complete his contract in reliance upon its original terms. A party to any other contract having mutual obligations is allowed to perform fully his part, notwithstanding the failure of the other party to fulfill a condition precedent, without *necessarily* waiving his right to insist upon performance of such condition at a later period. . . . . The real question to be determined in such case is, whether, under all the circumstances, the master had a right to believe, and did believe, that the servant intended to waive his objection to the unfitness of his fellow-servant or the defect in the materials provided for the work, and to accept an implied contract exempting his master from liability. This is a question of fact, not of law, and it must be left to the jury, — at least, if not entirely free from doubt."

In *Hawley* v. *Northern Central R'y Co.*, 82 N. Y. 373,

where the plaintiff, an engineer, was injured by reason of a defective road-bed, he knowing at the time its dangerous condition, the court said: "We think, under all the circumstances, and upon all the evidence given on both sides, that it was a question for the jury to determine whether the plaintiff acted with reasonable prudence and discretion in venturing to run his engine over the road. . . . . It would be a very unjust rule which would allow a master to shield himself from responsibility for the consequences of his own negligence by alleging those acts not inevitably or imminently dangerous to have been negligent, which his servant performed by his express orders." These views are fully supported in *McMahon* v. *Port Henry Iron Ore Co.*, 24 Hun, 48. In that case the court said: "It would seem to be unreasonable that one who has undertaken a service, which in itself has some elements of danger, whenever he shall see that the danger has been increased through some negligence of his employer, must either stop his employment or be deemed to have accepted the increased risk. We do not think that this is the rule. And it seems to us that the plaintiff had a right to go to the jury on the question *whether he was, under the circumstances,* justified in going on with his work."

The foregoing cases and many others tending to support this principle are cited and approved in *Magee* v. *North Pacific Coast R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69.

Conceding that the deceased knew the character and dangerous nature of the couplings used upon these cars, under the evidence disclosed by the record, and in view of the authorities cited, the question of his negligence was still an open one, and should have been presented to the jury for their consideration. It follows that respondent's instruction to this effect is correct, and that appellant's instructions to the contrary are not the better law.

The second instruction given to the jury was clearly erroneous, and counsel for respondent has presented

no authority to support it. It appears to be based upon the doctrine of emergency or sudden danger, but there is nothing in the facts of this case to demand the application of that rule. There was no sudden danger, no emergency. The danger that surrounded Martin at the time of his death was the danger incident to the act of coupling the cars, — a danger which was ever present when he was engaged in the performance of that duty. In effect, the instruction told the jury that notwithstanding the deceased was engaged in a dangerous business requiring constant and watchful care upon his part to save himself from injury, *still*, if he did not always bear these things in mind and act upon them, and by reason thereof was injured, he could recover. An injury received under such circumstances would be the direct result of contributory negligence upon the part of the party injured, and would defeat a recovery.

The instruction asked by appellant that if this character of coupling was in general use among railroad companies, then it was not negligence upon the part of appellant to use it, was properly refused. Such general use was evidence tending to show ordinary care in the selection of the coupling, but not conclusive evidence.

Let the judgment and order be reversed, and the cause remanded for a new trial.

HARRISON, J., SHARPSTEIN, J., PATERSON, J., McFARLAND, J., and DE HAVEN, J., concurred.