MAGNOLIA PAPER CO. v. DUFFY.
(No. 5455.)

(Court of Civil Appeals of Texas. San Antonio. April 14, 1915. Rehearing Denied May 12, 1915.)

1. MASTER AND SERVANT ☞286—SAFE PLACE TO WORK—GUARDING MACHINERY.
Where a 14 year old employé was injured by having his hand caught in the rollers of a machine for printing paper bags, which machine had no foot brake, and was not equipped with a fender, whether defendant had exercised reasonable care in furnishing such machine was for the jury.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

2. MASTER AND SERVANT ☞286—TOOLS AND APPLIANCES—CUSTOM IN BUSINESS—QUESTION FOR JURY.
That a machine by the operation of which an employé is injured is such a one as is cus-

tomarily used by other employers in the same line of business does not necessarily exonerate the employer from liability for injuries; the question whether the machine is reasonably safe being for the jury.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

3. MASTER AND SERVANT ☞264—INJURIES—EVIDENCE—PLEADINGS.
Where a 14 year old employé was injured by having his hand caught in the unprotected rollers of a machine for printing paper bags, evidence of the absence of a foot brake and fender was properly admitted, where plaintiff had charged failure to exercise ordinary care.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. ☞264.]

4. TRIAL ☞194—INSTRUCTIONS—WEIGHT OF EVIDENCE.
A request to charge directly on the weight of the evidence is properly rejected.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. ☞194.]

5. TRIAL ☞260—INSTRUCTIONS—SUBJECT OF INSTRUCTIONS.
It is no error to refuse special instructions where the substance thereof has been covered by other instructions.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

6. APPEAL AND ERROR ☞215—PRESERVATION OF EXCEPTIONS—INSTRUCTIONS.
Objections to instructions not made at the trial will not be considered on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. ☞215.]

7. APPEAL AND ERROR ☞742—REVIEW—ASSIGNMENTS OF ERROR.
An assignment of error not followed by a statement showing what was contained in the instruction complained of will not be considered.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742.]

8. MASTER AND SERVANT ☞217—TOOLS AND APPLIANCES—ASSUMPTION OF RISK—APPRECIATION OF DANGER.
Where a 14 year old employé was injured by having his hand caught in the rollers of an unguarded machine for printing paper bags, the fact that he knew there was no foot brake and no fender thereon did not relieve the employer from negligence, where the boy did not appreciate the danger.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. ☞217.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by R. J. Duffy, for himself and as next friend of Richard Newman Duffy, against the Magnolia Paper Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Hunt, Myer & Teagle, of Houston, for appellant. E. T. Chew, of Houston, for appellee.

FLY, C. J. R. J. Duffy, for himself and as next friend for his minor son, Richard Newman Duffy, instituted this suit to recover damages arising from personal injuries in-

flicted on the latter while he was in the employ of appellant. Appellant pleaded assumed risk and contributory negligence. The cause was tried by jury, and resulted in a verdict in favor of the appellee for $1,600, and in favor of appellant as to R. J. Duffy. From the judgment rendered on that verdict, appellant has perfected this appeal.

The evidence, showed that appellee, a 14 year old boy, was an employé of appellant, and was engaged in running a machine for the purpose of printing paper bags; that it worked with a lever, and had two long iron rollers which revolved one above the other, the bottom roller having a gripper to catch the bags and draw them between the rollers. Appellee was engaged in feeding the machine with bags, and, while engaged in that duty, the machine began to run irregularly, slowing down, and then racing, when it caught a paper bag held by appellee and drew his left hand between the rollers and crushed his fingers, causing the loss of his middle finger and the disfiguring of his entire hand. The machine was not equipped with a foot brake, but in order to stop it the pulley belt had to be shifted. The machine had no fender or guard to protect the hands of employés from being caught, although it could have been equipped with such guard or fender without in the least impairing its usefulness. Appellee was not warned of the dangers of the situation, although the machine was dangerous. Appellee was damaged in the sum found by the jury.

[1] The first three assignments of error complain of the action of the court in overruling exceptions to those portions of the petition containing allegations as to the machine not being equipped with a foot brake and fender or guard. The only proposition is:

"An employer is not required to furnish to his employé absolutely safe machinery, or to insure the safety of the employé."

The proposition seems to be a non sequitur to any exception made to the petition. The pleadings did not demand that the machine should be absolutely safe, and no one contends for any such proposition. Let the proposition be admitted, and how does it profit appellant? Of course, the authorities cited by appellant hold that it is the duty of the master to use reasonable care and diligence in furnishing safe appliances for the use of his servants, and the issue raised by the pleading was not the duty to furnish an absolutely safe machine, but the duty to use reasonable care to provide such a machine. It was for the jury to say whether ordinary care had been used in furnishing a machine without a foot brake and guard or fender. The mere fact that the machine was one customarily used for such purposes would not, as a matter of law, exonerate appellant from blame.

[2] It is the rule laid down by the Supreme Court of the United States, as well as the Supreme Courts of a number of states, that after it has been shown that the defendant had used the same appliances used by other employers in the same line of business, the question still was open as to whether the particular instrumentality was reasonably safe, and that it is an issue for a jury. Wabash R. R. Co. v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; Railway v. Behymer, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905; Going v. Ala. Steel & Wire Co., 141 Ala. 537, 37 South. 784; Martin v. Railway, 94 Cal. 326, 29 Pac. 645; Redfield v. Railway Co., 112 Cal. 220, 43 Pac. 1117; Harvesting Co. v. Burandt, 136 Ill. 170, 26 N. E. 588; Railway v. Morrissey, 177 Ill. 376, 52 N. E. 299; Hosic v. Railway, 75 Iowa, 683, 37 N. W. 963, 9 Am. St. Rep. 518; Roy Lumber Co. v. Donnelly (Ky.) 103 S. W. 255.

Even though instrumentalities are the same as those used by all others in the, same line of business, it is held in Texas that the use of such appliances may be negligence, and it is for the jury to determine whether the use of the machine was negligence or not. Railway v. Evansich, 61 Tex. 3; Railway v. Smith, 87 Tex. 348, 28 S. W. 520; Railway v. Duncan, 88 Tex. 611, 32 S. W. 878; Sincere v. Compress Co., 40 S. W. 326; Kirby Lumber Co. v. Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 153; Lyon v. Bedgood, 54 Tex. Civ. App. 19, 117 S. W. 897; Wirtz v. Railway, 132 S. W. 510; Railway v. Neef, 138 S. W. 1168.

The standard of care exercised by a master is not what other masters do under like circumstances, but, as in all cases, the standard must be the exercise of ordinary care. Proof that an instrumentality is the same used by other masters in the same business may be a circumstance to be considered by the jury in passing upon the question of negligence, but in the final analysis of the matter ordinary care must be the test applied. Labatt, Mast. & Serv. § 947, and authorities cited in footnotes.

In this case the evidence showed that a foot brake and a fender would have rendered the machine used by appellee much safer, and it was a pertinent question for the jury to determine whether in the exercise of ordinary care such foot brake and fender should not have been attached to the machine by appellant. A verdict that it was negligent not to supply such appliances was not a requirement that an absolutely safe machine should have been provided, but that in the use of ordinary care appellant would have made the improvement. A charge embodying this theory was approved in the case of Armour v. Morgan, 151 S. W. 861, and, although a writ of error was granted in that case, it was not as to the law in regard to safeguarding the machine, but the notation of the Supreme Court is:

"Granted. We think the trial court should have submitted the issue of whether the injury was caused by the act of a fellow servant."

[3] The petition did not allege that the machine was out of repair, but alleged that the exercise of ordinary care required of appellant to guard the rollers and attach a foot brake, so as to protect unwarned employés of tender ages from injury arising from the operation of the machine. Neither pleadings nor charges required insurance of the safety of employés, but merely the exercise of ordinary care toward children employed about machines.

It follows from what has been said that evidence of the absence of a foot brake and fender was properly admitted, and the fourth, fifth, and seventh assignments of error are overruled. It was not contended that there was a foot brake or fender on the machine, and it could not have injured appellant if the question as to a fender on the machine had been leading. The question was not leading, however.

The witness Henning testified that the unguarded rollers were a menace to any one operating the machine. He qualified as an expert in connection with such machines, and it was not error to permit him to testify that a guard could have been used without impairing the usefulness of the machine. Other testimony to the same effect was presented without objection. The eighth assignment is overruled.

Appellee admitted that he knew that if he put his fingers between the rollers it would injure them. Any reasonable creature would know that, but that did not necessarily carry with it the knowledge, on the part of a child, that his fingers might be drawn in between the rollers. Appellee swore that he was not warned as to that danger and knew nothing about it. Such danger was not apparent to a child. In the case of Krisch v. Richter, 130 S. W. 186, this court held that the evidence showed beyond doubt that a boy between 17 and 18 years of age must have known that it was dangerous to bring his hand wrapped in a rag close to the moving cogs of a machine. Such a case is not made by this evidence. There was nothing in his experience to notify appellee that, while feeding the machine as he had been instructed to do, his fingers would be jerked in between the rollers. The eleventh and twelfth assignments of error are overruled. The question of assumed risk was properly presented to the jury.

[4] The special charge asked by appellant on that subject was directly on the weight of the evidence, and was properly rejected.

[5] Every phase of the case was presented in the charges given by the court, and the court did not err in refusing the special charges set out in the fourteenth and fifteenth assignments of error. Neither of the assignments is followed by any proper statement. A charge on assumed risk requested by appellant was given by the court, and it is in no position to complain that the others on the same subject were not given. Railway v. Haney, 94 S. W. 386; Sullivan v. Fant, 160 S. W. 612; Railway v. Harris, 172 S. W. 1129.

[6] The charge of the court on the subject of contributory negligence is assailed in the seventeenth assignment of error, because it was calculated to lead the jury to think that in determining the question they should look alone to the testimony offered by appellant. The criticism has no reasonable foundation, but, if it had, it could not be used in this court, because appellant made no such objection to the charge in the lower court.

The objection urged to the charge as to proximate cause shows that, if there was error in the charge, it was one of omission, and appellant made no effort to correct it. The definition of proximate cause was sufficient, however. The sentence appellant claims ought to have been added to it would have added nothing to its force and appropriateness.

[7] The nineteenth assignment of error is not followed by a statement showing what was contained in the charge of which complaint is made. This court is under no obligation to search out the charge in the record to ascertain its defects. The second proposition has no basis in the assignment upon which to rest. If there were any defects in the charge, they were fully remedied by special charge No. 6, requested by appellant and given by the court.

The twenty-second assignment of error complains of a special charge requested by appellee and given by the court, but does not copy the charge, nor show what was contained in it. However, there was no impropriety in giving it. The greatest objection to it seems to have been its length, with which appellant seems to have been so displeased that it was not copied into the brief.

The twenty-third, twenty-fourth, and twenty-fifth assignments of error are merely repetitions of other assignments herein fully considered, and disposition made of them adversely to appellant.

The main idea in appellant's brief is that a failure to show that there was some defect in the machine as constructed was a failure to show negligence, and that it cannot be negligence to use a machine in good order such as is customarily used by men in a similar business. This rule does not prevail in many of the courts of the country. As said by Labatt:

"Suitability from the standpoint of effectiveness may or may not be associated with suitability from the standpoint of safety, and it is only the former kind of suitability that the employer usually takes into account. Under such circumstances, it is submitted, there is no sufficient basis upon which to found an inference of law that an employer fulfills his duty when he adopts instrumentalities and methods which are in common use." Section 947.

As said by the Supreme Court of California in the case of Redfield v. Railway, 112 Cal. 220, 43 Pac. 1117:

"Custom may originate in motives of economy, or the stress of pecuniary affairs, or in recklessness, and not from considerations based upon the proper discharge of the master's duty."

Appellant cannot evade its liability to its minor employés by the plea that it furnished a machine that was not out of repair, when a small expenditure of money and labor would have placed the machine in such condition as to protect the employés.

[8] Appellant cannot shelter itself from liability by the plea that the 14 year old boy knew that there was no foot brake and no fender. As said by the Supreme Court of the United States in Railway v. Archibald, 170 U. S. 665, 18 Sup. Ct. 777, 42 L. Ed. 1188:

"Indeed, the ultimate result of the argument of the plaintiff in error is to entirely absolve the employer from the duty of endeavoring to supply safe appliances, since it subjects an employé to all risks arising from unsafe ones, if the business be carried on by the employer, and the employé knew, or by diligence would have known, not of the dangers incident to the business, but of the harm possibly to result from the employer's neglectful methods."

That language was quoted and approved in Railway v. Turner, 99 Tex. 547, 91 S. W. 562. Appellee could not have known, as it were by intuition, that the machine was dangerous in its unguarded condition, and would probably drag his hand into its jaws and crush it, while he was placing the paper bags between the rollers as he had been instructed to do. He knew the rollers would crush his fingers if he placed the latter between the former, but he did not know that his hand could be forcibly jerked into the machine. His employer knew that, but did not communicate that knowledge to the child employed by it.

Appellant may have used a machine which was suitable for the purposes for which it was used, and it may have been of a type generally in use, and yet, if it was not safe, and by ordinary care could have been made safe, appellant was guilty of negligence. As said by the Supreme Court of Missouri in Schiller v. Kansas City Breweries, 156 Mo. App. 569, 137 S. W. 607:

"The final test of negligence is not usage or custom, but the inflexible rule which fixes reasonable care as the standard by which the conduct of the master to the servant is measured."

Measured by that standard, the evidence showed an utter disregard for the safety of children of tender years who were employed to manage and control dangerous machinery. The expenditure of a trifle for safeguards, the utterance of a warning word even, might have saved appellee from passing through life with a crippled and disfigured hand. The jury were justified in concluding that the injury was inflicted through the negligence and carelessness of appellant.

The judgment is affirmed.