[L. A. No. 4000.   Department One.—May 4, 1917.]

## J. F. MEEK et al., Respondents, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

HUSBAND AND WIFE—INJURIES TO WIFE—ACTION BY HUSBAND FOR CONSEQUENTIAL DAMAGES—VALUE OF WIFE'S SERVICES.—In an action by a husband to recover consequential damages suffered by him on account of personal injuries to his wife, evidence that prior to the injuries the wife was in sound health, did the housework, performed the household duties and usual duties of a housewife, that her injuries were permanent and of a nature by reason whereof she would never be able to perform her usual duties, together with proof of the fact that her nervous system was seriously impaired, and that the expectation of life as to both the spouses was upward of thirty years, constituted a sufficient showing upon which the jury, guided by their general knowledge of such matters, were authorized to find the value

of such services. From the very nature of the case, the husband's loss was not susceptible of direct proof.

Id.—Evidence of Value of Wife's Services—Province of Jury.—There is no need of direct or express evidence of the value of a wife's services, either by the day, week, or any other stated period, in order to entitle the husband to recover for the loss thereof, as the relation which she sustains to him is a special and peculiar one, and the actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own observation and experience, and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the husband for his loss.

Id.—Joint Action by Husband and Wife—Instructions—Amount of Award for Each Cause of Action.—In an action by a husband and wife, in which it was sought to recover, as authorized by subdivision 8 of section 427 of the Code of Civil Procedure, not only damages for the wife's injuries, but, on behalf of the husband, for loss of her services, it was proper to instruct the jury that they should not permit the amount, whether large or small, awarded in the one case to influence them in fixing compensation for the other.

Id.—Verdict not Excessive.—In such a case, where the injuries to the wife, aged thirty years, were serious and of a permanent nature, and involved the loss of an arm, a verdict awarding fifteen thousand dollars for her injuries, $1,148 for expenses incurred and paid by the husband on account thereof, and $6,352 for loss of services to the husband, is not excessive as matter of law.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, and A. W. Ashburn, Jr., for Appellant.

E. B. Drake, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—Action by plaintiffs as husband and wife to recover damages for personal injuries to the latter alleged to have been caused by the defendant's negligence.

The trial resulted in a verdict for plaintiffs, pursuant to which judgment was entered in their favor for the sum of twenty-two thousand five hundred dollars, from which, and

an order denying its motion for a new trial, defendant appeals.

The grounds upon which appellant seeks a reversal are: First, want of sufficient evidence to support the verdict; second, erroneous instructions given to the jury; third, that the verdict is excessive. In addition to a statement of the injuries suffered by Evalena Meek and for which compensation in damages is sought, it was alleged in the complaint that by reason thereof, J. F. Meek, had incurred liability and made expenditures in a large sum for medicines and surgical treatment rendered necessary on account of the injuries to his co-plaintiff, and that, due to the loss of her services caused by such injuries, he had sustained damages in the sum of twenty thousand dollars. Express authority for thus incorporating in one cause of action a statement of the damages sustained by the wife on account of personal injuries with a statement of the consequential damages suffered by the husband is found in subdivision 8 of section 427 of the Code of Civil Procedure, which provides that "in any action brought by the husband and wife, to recover damages caused by any injury to the wife, all consequential damages suffered or sustained by the husband alone, including loss of the services of his said wife, moneys expended and indebtedness incurred by reason of such injury to his said wife, may be alleged and recovered without separately stating such cause of action arising out of such consequential damages suffered or sustained by the husband."

With reference to damages sustained by the husband and due to the loss of services of his wife it was alleged and, except as to the amount of damage, proved: "That before said accident said plaintiff, Evalena Meek, was an able-bodied woman; sound in mind and body; made part of her own clothes; did the housework for herself and husband, and when she had anyone employed to assist in the housework she overlooked the same, and, in fact, was in charge and control of the household and performed the usual duties that a housewife performs in that behalf; but that since said accident said plaintiff, Evalena Meek, has been unable to perform, and will never be able to perform, the said duties as aforesaid, to the plaintiff, J. F. Meek's damage in the sum of twenty thousand dollars ($20,000)."

In rendering its verdict the jury found that, due to the injuries suffered by the wife, plaintiff had sustained damages in the sum of fifteen thousand dollars, and that the damages sustained by J. F. Meek for loss of the services of his wife and expenses was seven thousand five hundred dollars. It is conceded that the expense incurred by the husband for medical care and treatment was $1,148, leaving a balance of $6,352 awarded for lost services.

The attack made upon the verdict for insufficiency of evidence is directed to the amount of consequential damage awarded to the plaintiff, J. F. Meek, for loss of his wife's services, and this is based upon the fact that, while the allegations of the complaint in this regard were conclusively established, no evidence was introduced or offered as to the pecuniary value of such services. The uncontradicted evidence in support of the allegations that, prior to the injuries sustained, which included the loss of an arm above the elbow, the wife was in sound health, did the housework, performed the household duties and usual duties of a housewife, and that her injuries are permanent and of a nature by reason whereof she will never be able to perform her usual duties, together with proof of the fact that her nervous system was seriously impaired, and that the expectation of life as to both of the plaintiffs was shown to be upward of thirty years, constituted a sufficient showing upon which the jury, guided by their general knowledge of such matters, were authorized to find the value of such services. (*Redfield* v. *Oakland Consol. St. Ry. Co.*, 112 Cal. 220, [43 Pac. 1117]; *Martin* v. *Southern Pacific Ry.*, 130 Cal. 285, [62 Pac. 515].) Indeed, from the very nature of the case, the husband's loss is not susceptible of direct proof. Suppose a wife performed no manual labor, can it be said that her husband has no right to recover from the wrongdoer compensation for rendering her incapable of performing such service? The services rendered by a wife, aside from consideration of her society, or what is termed the *consortium,* damages for which are not recoverable in this state, may be and often are of such character that no witness can say what they are worth. Conceding that part of the service performed by the wife might be the subject of market value it is not true when applied to all, since the aid, advice, and assistance rendered a husband in conducting his affairs, and management of the home, is not to be tested by what

such service could be hired for.   Hence, "there is no need of direct or express evidence of the value of a wife's services, either by the day, week, or any other stated period, in order to entitle the husband to recover for the loss thereof, as the relation which she sustains to him is a special and peculiar one, and the actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own observation and experience, and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the husband for his loss." (13. Cyc., p. 215, note 22.   See, also, *Metropolitan St. R. Co.* v. *Johnson,* 91 Ga. 466, [18 S. E. 816] ; *Kimberly* v. *Howland,* 143 N. C. 398, [7 L. R. A. (N. S.) 545, 55 S. E. 778] ; *Denver Consol. Tramway Co.* v. *Riley,* 14 Colo. App. 132, [59 Pac. 476] ; *Pennsylvania R. R. Co.* v. *Goodman,* 62 Pa. St. 329 ; *Selleck* v. *City of Janesville,* 104 Wis. 570, [76 Am. St. Rep. 892, 47 L. R. A. 691, 80 N. W. 944].)   The fact that some of the cases supporting the proposition are from jurisdictions where both the *consortium* as well as the services of the wife are elements of damages recoverable by the husband render them of no less weight as authorities, since they hold that the *service,* whether physical in character or rendered in an advisory capacity, for which, as well as the *consortium,* recovery is sought, is not a subject as to the value of which direct evidence is required.

By an instruction designated "U," the jury was told: "In view of the fact that this is an action by the plaintiffs for the injuries to the wife, and also by the husband for lost services of his wife, and alleged expenses, I instruct you that in fixing the damages, if any, you should fix the amount in each separate matter irrespective of the amount in the other, and should not consider whether the total amount awarded is large or small, but should fix the amount in each instance according to the instructions that I have given you on that issue."   Appellant insists that the instruction was prejudicial in that it not only caused the jury to lose sight of the fact that plaintiffs were entitled to but one payment on account of the injuries suffered, but required the jury to arrive at their verdict by a process, the effect of which was well calculated to increase the award to a sum in excess of that which they would otherwise have fixed as the total damage to both plaintiffs for the wrong suffered.   And also claims

that the instruction is in conflict with one wherein the jury was told: "In the event that you find for the plaintiffs herein, you should return but one verdict for an amount which in your judgment will compensate both plaintiffs for the damage and loss suffered by reason of the injury to the plaintiff Evalena Meek."

We are unable to perceive any merit in these contentions. Only one verdict was returned, and by that the jury found that the total damage sustained by both plaintiffs was twenty-two thousand five hundred dollars. In view of the fact that the action was not only to recover damages for the wife's injuries, but, on behalf of the husband, to recover for loss of her services, the instruction designated "U," wherein the jury was told that they should not permit the amount, whether large or small, awarded in the one case, to influence them in fixing compensation for the other was, in our opinion, a correct statement of the law properly given the jury, and in accordance with which, as shown by the form of their verdict in fixing the amounts found due, it acted in arriving at a conclusion.

Aside from the amount of the award, there is nothing disclosed by the record from which we, as a matter of law, can say that the verdict is excessive. Evalena Meek was at the time of the accident thirty years of age, and, among other serious injuries of a permanent nature suffered, was the loss of an arm, in consequence of all which she has not only suffered in both mind and body, but can indulge in little or no hope for future improved condition of health. The language used by this court in *Reeve* v. *Colusa Gas & Elec. Co.*, 152 Cal. 99, [92 Pac. 89], wherein the court refused to disturb as excessive a verdict for thirty thousand dollars awarded to a woman fifty-seven years of age, is applicable to the facts herein involved. It was there said: "It is impossible adequately to describe the suffering and misery—past, present, and future—inflicted upon the plaintiff as a consequence of the injury. The verdict is large, the amount of the damage was a question for the jury, subject to the supervision and correction of the trial court, and having been passed upon by the latter without disapproval, it is not for us to say, under the circumstances, that it is excessive." See, also, *Morgan* v. *Southern Pacific Ry.*, 95 Cal. 501, [30 Pac. 601], where it is said: "A verdict will not be disturbed because excessive,

unless the amount of damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate discretion of the jury." In the case at bar, it appears that the sum awarded by the jury consisted of fifteen thousand dollars for injuries to the wife, $1,148 for expenses incurred and paid by the husband on account of her injuries, and $6,352 for loss of services to the husband. There is nothing disclosed by the record upon which this court can as a matter of law say that the verdict is excessive.

The judgment and order appealed from are affirmed.

Sloss, J., and Shaw, J., concurred.