[Civ. No. 4201. Third Appellate District.—March 24, 1931.]

A. B. RANNARD et al., Respondents, v. WALTER HARRIS et al., Appellants.

W. D. Tillotson, Redman, Alexander & Bacon, Sullivan, Roche, Johnson & Barry and Herbert Chamberlain for Appellants.

Carr & Kennedy for Respondents.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought to recover damages for injuries received in an automobile collision. The jury brought in a general verdict for plaintiff in the sum of $30,000, and also a verdict in favor of the husband of plaintiff in the sum of $4,829.11. Of the latter sum, $2,000 was for loss of his wife's services.

Two questions are presented upon this appeal. The first is that of excessive damages, and the second is the correctness of one instruction.

The record shows, almost without dispute, that the driver of defendant's automobile was guilty of negligence. When asked by counsel for defendants as to how the accident occurred, he replied: "Well, I simply fell asleep." While in that condition he drove over to the left side of the highway, and collided with plaintiffs' car.

A number of injuries were received by the wife, who was fifty-nine years of age at the time of the accident, and in good health prior thereto. After the accident she was taken to the hospital at Redding and confined there six weeks. She returned to her home at Santa Monica, and was

still undergoing medical treatment at the time of the trial, which was eight months after the injuries were received.

The doctor who treated Mrs. Rannard testified very fully respecting the character, extent and duration of her injuries, as follows: The nose was broken at the septum, and was permanently angulated to the left, and this disfigurement was permanent; there was an internal injury to the nose, narrowing the left nostril thereof, and it was very doubtful if an operation would relieve this condition; the muscles of the scalp had lost their nerve supply, so that she was unable to raise one eyebrow; and it was very doubtful if this condition could ever be cured; there was a comminuted fracture of her arm, the bone being broken up into several pieces; there was injury around the whole shoulder, and pain and loss of function in the shoulder joint; there was some loss of extension and loss of power in the right hand, and as a result of this she was unable to comb her hair because she could not get her hand up, and she could not reach up to turn on an electric light; the witness did not think the injury to the shoulder would ever be cured, and he stated that he believed she would always have some disability; there were scars on her forehead and nose; the pain which she had suffered, and the way she was pulled down physically, led up to a condition of nervousness and lack of nerve force which is known as "asthenia", which means simply the lack of nerve power and inability to do the things that an ordinarily normal person can do, and this condition might exist for a long time and possibly there might never be a recovery therefrom. The foregoing testimony related to her condition at the time of the trial. In addition to this testimony, there is evidence showing severe physical and mental suffering. Her body was bruised all over by the accident. By reason of the facial disfigurements she doubtless has suffered, and will continue to suffer mortification and humiliation such as naturally comes to one of her sex by reason of permanent scars and the disfigurement of her nose.

The rule which should govern an appellate court in passing upon a question of this character is well stated in the case of *Horn* v. *Yellow Cab Co.,* 88 Cal. App. 678 [263 Pac. 1025, 1026]:

"No two cases exactly alike are to be found, and consequently no absolute rule is applicable to all cases. (*Morgan* v. *Southern Pac. Co.*, 95 Cal. 501 [30 Pac. 601].) Therefore, the only method of determining whether a verdict is excessive is by comparing the amount of damages awarded thereby with the evidence (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]); and where the element of past and future pain is involved it is always difficult to fix the amount of damages which should be allowed therefor (*Pedrow* v. *Federoff*, 77 Cal. App. 164 [247 Pac. 212]). The remedy for safeguarding against the danger of excessive verdicts is necessarily, to a great extent, committed to the judge who presides at the trial, because it is presumed that he will carefully weigh the evidence himself and not allow a verdict to stand if he believes that excessive damages have been awarded by the jury under the influence of passion or prejudice; and it is only in cases where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice or at first blush raises a presumption that it is the result of passion, prejudice, or corruption, rather than honest and sober judgment, that a reviewing court is justified in interfering. (*Bond* v. *United Railroads*, 159 Cal. 270 [113 Pac. 366, 48 L. R. A. (N. S.) 687, Ann. Cas. 1912C, 50]; *Pedrow* v. *Federoff, supra;* 8 Cal. Jur. 834.)"

The wisdom for the rule declared in the foregoing cases is instantly apparent in the case at bar. It may be said that we have all the evidence before us. This is not strictly correct. While our powers of visualization may be ever so keen, only the jury who saw Mrs. Rannard could adequately pass upon the extent, character and effect of the disfigurement to her face—the angulated nose; the scars and the eyebrow which was bereft of nerve control. A view of the person so afflicted would be of great evidentiary value to a court or jury in fixing the compensation to be awarded. This is also true of the effect of the injuries upon the general health of the wife. Her general appearance and the manner in which she moved about the courtroom—all such matters have no adequate presentation in the record. It is for such reasons as these that our appellate courts have com-

mitted to the trial court or jury, the practically exclusive function of fixing the amount of damages.

In view of the facts narrated, showing that the injuries received by Mrs. Rannard were of a distressing and serious character, and showing also that a great amount of pain and suffering and some permanent injuries, we cannot say, as a matter of law, that the verdict was excessive.

█ It is contended by appellants that the award of $2,000 to the husband for loss of his wife's services is also excessive. The wife, the evidence shows, had been unable to perform her duties in the home since the accident, and it was reasonably certain that she would never be able to do the work which she had previously done. From the very nature of the case the husband's loss is not susceptible of direct proof. (*Meek* v. *Pacific Elec. Ry.*, 175 Cal. 53 [164 Pac. 1117].) Here, also, we cannot say, as a matter of law, that the amount thus awarded is excessive under the rule laid down in the cases cited.

█ Upon denying the motion for new trial the court rendered an opinion. It is contended that in this opinion the trial court used language which indicated that the court "abused its discretion and failed to perform the duty enjoined upon it by law in the matter of eradicating or curbing excessive verdicts", thus bringing the case within the rule declared in the case of *Morris* v. *Standard Oil Co.*, 188 Cal. 469 [205 Pac. 1073, 1075], where the trial court rendered the following opinion in denying the motion for new trial: "I consider the verdict and judgment excessive, but the appellate court is better able from its wide experience to reduce it to a proper amount than I."

The judgment was reversed upon the ground that it was the duty of the trial court, if it considered the judgment excessive, to provide for its reduction or grant a new trial. It is there stated that "practically, the trial court must bear the whole responsibility in every case. The power of appellate courts over excessive damages exists only when the facts are such as to suggest, at first blush, passion, prejudice or corruption on the part of the jury".

In the instant case, there is no language used by the trial court which would indicate that it considered the damages excessive, nor is any such contention made by appellants.

■ The final ground urged for reversal is the giving of the following instruction: "In addition to such damages, if you find for the plaintiffs and if you find from the evidence that plaintiff A. B. Rannard as a result of the serious injury suffered by his wife, etc. . . . "

It is argued that this is an instruction upon the facts, in that it told the jury that the injury was "serious". This contention is without merit. In his argument to the jury, counsel for defendants said: "Now the main question in this case is to determine what Mrs. Rannard should have at your hands. There is no question about the physical injuries which Mrs. Rannard had received, as testified to by the doctors who examined her. *She was severely hurt. It was a very serious accident.* It is very fortunate that she was not killed. . . . You know, it has been a little better than eight months since Mrs. Rannard met with this *serious accident.* Not at all surprising that she should be in this condition. It is really a remarkable recovery to this point when you consider how *seriously* she was injured."

Assuming that the jury were instructed that the injury was serious, no possible prejudice could result to defendants when their own counsel admitted to the jury that such was the fact. Furthermore, the only inference which could be drawn from the testimony adduced would be to the effect that the injuries received by the wife *were* serious. The only question presented here is *how* serious the injuries were.

■ The record, appellants contend, contains evidence which indicates that the court abused its discretion in denying the motion for new trial. Attempting to uphold this view, they point out that the introduction of certain evidence (to which they did not object) tended to inflame the minds of the jurors. The clothing which the wife wore at the time of the accident was permitted, without objection, to go before the jury. There was some blood thereon. Not only was such evidence admissible, but, having failed to object to its introduction, defendants cannot now be heard to complain in respect thereto. The same contention is made as to other testimony introduced by respondents, but no question is raised as to its admissibility, and no objection was made to its introduction. Under such conditions, appellants are foreclosed from making any attack thereon.

We might add, that we are of the opinion that the testimony and evidence of which appellants complain, was clearly admissible. We therefore hold that the trial court did not abuse its discretion in denying the motion for new trial.

The record in this case is remarkably free from error, and there is nothing to indicate that the amount awarded was arrived at in any manner other than that by a calm and dispassionate consideration of the evidence by the jury. There is nothing in the record pointing to any extraneous influences being brought to bear upon the jury.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1931.