[Civ. No. 22365.   Second Dist., Div. One.   Dec. 17, 1957.]

MINNIE MALLOT, as Executor, etc., et al., Appellants, v. BLUE DIAMOND CORPORATION (a Corporation), Respondent.

Eric A. Rose for Appellants.

King & Mussell and John Lewis King for Respondent.

DRAPEAU, J.*—Theodore Wade Mallot and his wife were driving their automobile south from Lancaster on United States Highway Number 6. They were on their way to their home in Hermosa Beach in southern California. They had been on a camping trip in northern California, and, except for a rest of an hour and a half, Mr. Mallot had been driving all night. They had a light camping trailer hitched to their car. It had turned daylight as they left Lancaster.

Mr. Mallot saw a truck belonging to defendant Blue Diamond Corporation coming towards him. The two-lane highway was clear, visibility was good, and traffic was light. So Mr. Mallot continued driving, on his own righthand side of the road, to pass the truck.

Unfortunately the truck and Mr. Mallot's car and trailer collided, with particularly serious consequences to the Mallots. He and his wife were badly injured, and he has since died.

In this action for damages Mr. Mallot testified that when he went by the approximate center of the truck he heard an explosion-like noise and had the sensation of being thrown up in the air; that he then lost consciousness for a time.

After the accident the left dual wheel of the truck was found, about 450 feet from the place of impact, and 75 feet west of the southbound lane.

The truck driver testified that he saw Mr. Mallot coming toward him; that just before the impact Mr. Mallot's car swung over the center lane of the highway, and ran into his truck; that as he saw the car coming toward him, he swung his truck to the right just as far as he could, but still the car struck his truck.

A witness who was driving behind the truck testified that it was in its own righthand side of the road, and that after the impact he saw a dust cloud rise up on the truck's righthand side of the road. A highway patrolman testified that he saw gouges in the pavement on the truck's side of the road.

---

*Assigned by Chairman of Judicial Council.

The case was tried upon two theories:

First, upon plaintiffs' theory that the wheel flew off the truck and hit their car while they were passing it, each vehicle being upon its own righthand side of the highway. This theory was supported by expert testimony as to the condition of the truck and its rear-end assembly after the accident.

Secondly, upon the theory of defendant that Mr. Mallot negligently swung his automobile to the left over the white line and into the truck, and that he probably went to sleep after driving all night.

Just enough of the evidence has been stated to give the background necessary to understand plaintiffs' contentions upon appeal.

The jury found for the defendant, and the Mallots appeal from the judgment that followed.

Their appeal is predicated upon asserted prejudicial error in the giving of instructions as to the duty of defendant truck company in maintaining their truck.

These instructions are as follows:

"You are instructed that section 679 of the California Vehicle Code in full force and effect at the time of this accident, stated as follows: 'It is unlawful to operate upon any highway a vehicle which is in an unsafe condition.'

"If you should find from the evidence that the defendant conducted himself in violation of section 679, just read to you, you are instructed that such conduct constituted negligence as a matter of law." (Requested by plaintiffs.)

"If you find that in view of the circumstances surrounding the use and the operation of the truck, the history, if any, of break-down and repairs of the truck and the type and weight of the load which said truck customarily carried, said corporation, its officers, agents or employees knew, or upon reasonable inspection in the exercise of ordinary care would have known, of a defective condition, if any, of said truck, and of the danger that would be involved in its operation on a public highway, and if you should further find that said corporation nevertheless permitted the operation of said truck upon a public highway in such dangerous or defective condition, if any, you are instructed that Blue Diamond Corporation, a Corporation, was negligent." (Requested by plaintiffs.)

"The defendant is not a guarantor or insurer of its equipment on the highway. The mere fact, if such be a fact,

that an accident may occur as a result of some mechanical failure of a defendant's equipment does not in itself impose liability to others upon such defendant. If an equipment operator uses the degree of care in the use and maintenance of his equipment that an ordinarily prudent equipment operator would use under the same or similar circumstances, he does all the law requires and he is not liable to others for injury or damage that may come to them through its failure." (Requested by defendant.)

"Whether or not defendants' truck was inspected, and at what intervals, if any, and whatever mechanical attention was or was not given said equipment by defendants, is to be considered by you the same as any other evidence in this case.

"However, unless you find that some want of ordinary care in maintenance was a proximate cause of this accident, you must not further consider these matters in arriving at your verdict." (Requested by defendant.)

"Ordinary care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or to others."

"Inasmuch as the amount of caution used by the ordinarily prudent person varies in direct proportion to the danger known to be involved in his undertaking, it follows that in the exercise of ordinary care, the amount of caution required will vary in accordance with the nature of the act and the surrounding circumstances."

Appellants argue that the following words used in one of the foregoing instructions should not have been given, and are in conflict with the instruction relative to section 679 of the Vehicle Code, as given: "However, unless you find that some want of ordinary care in maintenance was a proximate cause of this accident, you must not further consider these matters in arriving at your verdict."

Appellants further argue that the language in another of the instructions was wrong because there was no evidence of any custom or usage defining the difference between an ordinarily prudent person and an ordinarily prudent equipment operator, nor was the term "equipment operator" defined to permit the jury to apply this last named instruction to the facts of this case. These words are: "If an equipment operator uses the degree of care in use and maintenance of his equipment that an ordinarily prudent equipment operator has used under the same or similar circumstances, he does all the law requires and he is not liable to

others for injury or damage that may come to them through its failure.''

Therefore, say appellants, ''*Two* standards of ordinary care were submitted to the jury, namely, (1) The care of an *ordinarily prudent person*, which was defined in plaintiffs' instructions requested above; and (2) The care of an ordinarily prudent *equipment operator*, which was *neither* defined, *nor* supported by any evidence of custom or usage.''

And, say appellants, ''The jury was justified in assuming on the basis of the last named instruction, as it did assume, that an *equipment operator* was held to a *different degree of ordinary care* by reason of the fact that he operates equipment and for no other reason.''

The consequences of the accident suffered by plaintiffs invoke the sympathy of this court, as they must have invoked the sympathy of the trial judge and jury. █ But the jury that heard the case found the facts, and this court is not only bound by that finding, but is required by our law to follow it, and to uphold the judgment unless some prejudicial error appears in the record.

We have carefully examined the instructions, first as a whole, and then with reference to the prejudicial errors asserted by plaintiffs.

Read and considered as a whole, the instructions fully and fairly stated the law to be applied in this case.

█ Upon appeal, instructions are to be regarded as a whole, and no instruction is to be considered apart from the text of the balance of the instructions. (*Todd* v. *Standfield,* 111 Cal.App.2d 615, 617-618 [245 P.2d 331]; *Lloyd* v. *Southern Pac. Co.,* 111 Cal.App.2d 626, 638 [245 P.2d 583]; *Bazzoli* v. *Nance's Sanitarium, Inc.,* 109 Cal.App.2d 232, 241 [240 P.2d 672].)

█ Turning now to appellants' specific objections to certain of the instructions. It seems to this court that the jury should have had no difficulty in applying these instructions, whether the words ''equipment operator'' or ''ordinarily prudent person'' were used. These words must be construed for the purposes of this appeal as meaning ''an ordinarily prudent person.''

█ Also the instruction that unless the jury should find that some want of ordinary care in maintenance was the proximate cause of the accident they need not further consider the matter in arriving at their verdict, correctly set forth the law.

Therefore, we have concluded that there was no prejudicial error in the instructions as given.

Finally appellants argue that the trial court erred in ordering the affidavits of three jurors stricken from the record.

Nine jurors voted for the verdict; and three voted against it. These three jurors averred that another one of the jurors, who was a garage man, was particularly voluble in explaining to the jury how the rear-end assembly of a truck works; and that the instructions complained of together with the arguments of this juror were particularly harmful to appellants' interests in the jury room.

The ruling was proper, because it is well settled law in this state that such affidavits tend to impeach a jury's verdict, and have no part in our trial and appellate practice. (*Kent* v. *Los Angeles Ry. Corp.,* 29 Cal.App.2d 435, 437-438 [84 P.2d 1057].)

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 13, 1958, and appellants' petition for a hearing by the Supreme Court was denied February 11, 1958. Carter, J., was of the opinion that the petition should be granted.